CIVIL SERVICE COMMISSION OF VAN BUREN, ARKANSAS, *v.* MATLOCK.

4-7310 178 S. W. 2d 662.

Opinion delivered March 20, 1944.

R. S. Wilson, for appellant.

Howell & Howell, for appellee.

Robins, J.   The city of Van Buren put into operation, as to certain employees and officials of the city, the provisions of the Municipal Civil Service Law contained in §§ 9945 to 9964, inclusive, of Pope's Digest of the laws of Arkansas. Among the offices placed under civil service regulations was that of Chief of Police, which was held up until June 19, 1942, by appellee, Rufus Matlock.

On June 1, 1942, the city council of Van Buren filed a petition, as authorized by § 9947 of Pope's Digest, with the Civil Service Commission of Van Buren charging appellee with neglect of duty, nonfeasance and malfeasance in office, and asking for his removal. On hearing of these charges the Commission found that they were sustained and made an order demoting appellee from the position of Chief of Police to that of patrolman. Appellee refused to abide by the order of the Commission and appealed to the circuit court.

The circuit court submitted the matter to a jury, over the objection of appellants, on the testimony of witnesses heard in open court, without the testimony taken before the Commission being produced, and on a verdict of the jury favorable to appellee the court entered an order restoring appellee to the office of Chief

of Police. From that order an appeal was prosecuted to this court, and for the error of the lower court in submitting the matter to a jury and not requiring the production of testimony heard before the Civil Service Commission we reversed the judgment of the lower court and remanded the case for a new trial. *Civil Service Commission of Van Buren, Arkansas, et al., v. Matlock,* 205 Ark. 286, 168 S. W. 2d 424.

When the cause came on for trial again in circuit court appellee tendered in evidence what he claimed was a transcript of the testimony heard before the Civil Service Commission, but the court refused to consider same and directed that a record of said testimony certified to by the Civil Service Commission be filed. A transcript which was certified by the Civil Service Commission as constituting the substance of the testimony heard by the Commission "to the best of our recollection" was thereafter filed and admitted in evidence. The court also heard additional testimony offered by both sides, and at the conclusion thereof rendered a judgment in favor of appellee, finding that the charges were not sustained and restoring him to his position as Chief of Police. From this judgment the city of Van Buren and the Civil Service Commission have appealed.

## I.

It is first urged by appellants that the lower court erred in not sustaining appellants' motion to dismiss the appeal on the ground that the testimony taken before the Commission was not properly brought up. In our former opinion in this case, *Civil Service Commission of Van Buren* v. *Matlock, supra,* we said: "The Legislature had the power to prescribe the mode of procedure on such appeal, and by an analysis of that part of § 9949 authorizing the proceeding in circuit court it appears that it was the intention of the Legislature, in providing for this appeal, to require that the testimony taken before the Civil Service Commission be heard and considered by the circuit court along with any additional testimony that either party might offer. The language

of the statute is that in the circuit court 'the parties to such appeal may introduce any further or other evidence that they may desire.' The phrase 'further or other evidence' could mean nothing else but testimony in addition to that heard at the hearing before the Civil Service Commission, and indicates clearly that the Legislature intended that the testimony taken before the Civil Service Commission should be brought into the record for the trial in circuit court. By construing the statute otherwise we would fail to give full meaning to the entire language of the act. While the act does not provide how or by whom the testimony taken before the Commission shall be produced in circuit court, the logical inference is that the party appealing from the order of the 'Commission should bring up this testimony, duly authenticated by the Commission, or otherwise shown to be the testimony, along with the remainder of the record in the case.''

In reversing the judgment of the lower court and remanding the case for a new trial we directed that the trial be had upon the record of the proceedings before the Civil Service Commission, including the evidence there adduced and upon any such relevant, competent further evidence that might be offered by either of the parties.

While it would be better practice for the appealing party to file in the circuit court a verbatim record of the testimony before the Commission, the statute providing for the appeal to circuit court (§ 9949 of Pope's Digest) does not require such record, and, in the absence of such requirement, and, in view of the fact that appellants failed to point out any specific deficiencies or misstatements in the record which was finally filed, we are of the opinion that the circuit court did not err in permitting the filing of the transcript which the Civil Service Commission certified as being the substance of the testimony heard before it.

## II.

By § 9949 of Pope's Digest, it is provided that when an appeal is taken to the Supreme Court from judgment

of the circuit court in cases of this kind the proceedings shall be governed by the rules and procedure in equitable cases. We interpret that the Legislature intended that the rule as to the affirmance or reversal by this court of the findings of chancery court on questions of fact should prevail in a proceeding of this kind. The rule long established and adhered to by this court is that findings of fact of the chancery court will not be disturbed, unless they are against the preponderance of the evidence. In the case of *England* v. *Scott,* 205 Ark. 47, 166 S. W. 2d 1014, the rule was thus expressed: "While it is the duty of this court to try chancery cases *de novo,* yet when it appears that the chancellor's finding is not against the preponderance of the testimony, it will not be disturbed here." In the case of *Benton* v. *Southern Engine & Boiler Works,* 101 Ark. 493, 142 S. W. 1138 (Headnote 2), we said: "It is the duty of the Supreme Court to try chancery cases *de novo,* and in doing so the court gives much weight to the finding of the chancellor upon conflicting evidence; and where the testimony is evenly poised or the chancellor's finding is not clearly against the preponderance of the testimony, such finding will not be disturbed."

The statute (§ 9949 of Pope's Digest) regulating proceedings of this kind requires the circuit court, on appeal from the action of the Commission, to hear same on the record of the proceedings before the Commission, and also upon such additional relevant and competent testimony as either party may offer. This amounts to a provision for a trial of the matter *de novo* in the circuit court.

In discussing the rule as to proceedings in court on appeal from the action of administrative bodies this rule is laid down in Am. Jur., Vol. 42, p. 664: "The statute may expressly provide that the court may hear new or additional evidence, and this may be construed as requiring a trial *de novo.*"

The Supreme Court of the United States, considering procedure of the courts on appeals from a statutory administrative body, in the case of *U. S.* v. *Ritchie,* 17

1150

How. 525-541, 15 L. ed. 236, said: "It is also objected that the law prescribing an appeal to the district court from the decision of the Board of Commissioners is unconstitutional; as this Board, as organized, is not a court under the Constitution, and cannot, therefore, be invested with any of the judicial powers conferred upon the general government. *Am. Ins. Co.* v. *Canter,* 1 Pet. 511 [516, 7 L. Ed. 242]; *Brenner* v. *Porter,* 8 How. 235, 13 L. Ed. 119; *U. S.* v. *Fereira,* 13 How. 40, 14 L. Ed. 42. But the answer to the objection is, that the suit in the district court is to be regarded as an original proceeding, the removal of the transcript, papers, and evidence into it from the Board of Commissioners being but a mode of providing for the institution of the suit in that court. The transfer, it is true, is called an appeal; we must not, however, be misled by a name, but look to the substance and intent of the proceeding. The district court is not confined to a mere re-examination of the case as heard and decided by the Board of Commissioners but hears the case *de novo,* upon the papers and testimony which had been used before the Board, they being made evidence in the district court; and also upon such further evidence as either party may see fit to produce.''

Since the statute provided for a trial in the circuit court *de novo* and did not provide that the findings of fact of the Civil Service Commission should be conclusive or of any force, the whole matter was opened up for consideration by the circuit court, as if a proceeding had been originally brought in that forum.

The record in this case shows that sixteen witnesses testified on behalf of appellants before the Commission and ten witnesses, including appellee, testified before the Commission on behalf of appellee; that on the trial in circuit court nineteen witnesses testified before the court on behalf of appellants and twenty-eight witnesses, including appellee, testified on behalf of appellee. There was a sharp conflict in the testimony. The circuit judge had the opportunity of seeing the witnesses who appeared in circuit court and observing their demeanor on

the witness stand—an opportunity which an appellate court does not enjoy.

From a careful examination of the evidence heard by the Commission and by the court we are unable to say that the finding of the circuit court was against the preponderance of the testimony. The judgment of the lower court is, therefore, affirmed.