CAMPBELL *v.* CITY OF HOT SPRINGS.

5-2200

341 S. W. 2d 225

Opinion delivered December 12, 1960.

[Rehearing denied January 16, 1961.]

*Sam L. Anderson,* for appellant.

*David B. Whittington,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal challenges the judgment of the Garland Circuit Court, which ordered appellant, Joe Campbell, dismissed from the police force of the City of Hot Springs. The governing statute on civil service trials is § 19-1605.1, Ark. Stats., as amended by Act No. 326 of 1949; and one of the recent cases involving this statute is *City of Little Rock* v. *Newcomb,* 219 Ark. 74, 239 S. W. 2d 750.

Because of several complaints from citizens the Civil Service Commission of the City of Hot Springs notified Joe Campbell (appellant) that he was reduced from the rank of lieutenant to the grade of patrolman.

In accordance with the previously cited statute, Mr. Campbell requested and obtained a trial before the Civil Service Commission, where the City was represented by the City Attorney and Mr. Campbell was represented by his own attorney. Evidence was introduced as to a number of incidents involving Mr. Campbell, one of which will be hereinafter detailed in Topic II. At the conclusion of the hearing, the Civil Service Commission reinstated Mr. Campbell to the rank of lieutenant. The City Attorney of Hot Springs appealed to the Circuit Court to reverse the order of reinstatement made by the Commission. After Mr. Campbell's motion to dismiss the appeal (subsequently to be discussed in Topic I, *infra*) had been overruled, the Circuit Court tried the case *de novo* on the transcript of evidence heard before the Civil Service Commission, together with additional evidence *ore tenus* (§ 19-1605.1, Ark. Stats.); and entered a judgment discharging Mr. Campbell from the police force of the City of Hot Springs. To reverse that judgment, Mr. Campbell prosecutes this appeal to this Court and urges the points herein treated.

I. *The Appeal From The Civil Service Commission To The Circuit Court.* In the Circuit Court Mr. Campbell filed an unverified motion to dismiss the appeal from the Civil Service Commission order, and claimed that the City Attorney did not have the right and power to prosecute such an appeal. Mr. Campbell admitted that Mr. Whittington was the City Attorney and had given due and timely notice of appeal, and that the said Act No. 326 of 1949 specifically provided for a right of appeal by the City; but Mr. Campbell insisted[1] that it was necessary for the City Council of Hot Springs to specifically authorize the City Attorney to appeal the case to the Circuit Court, and that no such specific action of the Council had been presented by Mr. Whittington.

[1] Campbell's motion in the Circuit Court reads in part: "The appeal which has been filed in this case is not a proper appeal, because the power of appeals in cases of this nature is not given to City Attorneys but to the City itself. In this particular case the City Attorney was not directed to appeal this case by the City Council nor by the Civil Service Commission."

The Circuit Court ruled that the case was properly appealed from the Commission to the Circuit Court; and in the state of the record before us, the Circuit Court was correct. It is true that § 19-1015 Ark. Stats. provides for the election of a City Attorney but does not prescribe his duties[2] in detail: rather, leaving it to the City Council to fix such duties. No ordinance of the City of Hot Springs was introduced in evidence in this case fixing such duties of the City Attorney; and we do not take judicial notice of municipal ordinances. *Lowe* v. *Ivy*, 204 Ark. 623, 164 S. W. 2d 429; and *City of Little Rock* v. *Griffin*, 213 Ark. 465, 210 S. W. 2d 915, and cases there cited. So we have no *evidence* that the City Attorney of Hot Springs did, or did not, have the right and power under the municipal ordinances to appeal this case from the Commission to the Circuit Court.

Mr. Whittington, however, as the admitted[3] City Attorney of Hot Springs, represented to the Circuit Court that he had the power to appeal the case; and his representation was not denied by affidavit. The leading case on the authority of an attorney to represent a client is that of *Tally* v. *Reynolds,* 1 Ark. 99, 31 Am. Dec. 737, wherein this Court said:

". . . it is incumbent on the party undertaking to question the authority of the attorney representing his adversary, to show to the court by affidavit, facts sufficient to raise a reasonable presumption that the attorney is acting in the case without authority from the party he assumes to represent, then, and not until then, the attorney may be required to show his authority." The above quoted language from *Tally* v. *Reynolds* is found practically verbatim in 5 Am. Jur. 308, "Attor-

[2] We have not overlooked § 19-912 Ark. Stats. relating to the duties of a City Attorney; but that section is from Act No. 153 of 1923, which relates only to city attorneys of cities of the second class; and we know judicially that Hot Springs is a city of the first class. *City of Malvern* v. *Young*, 205 Ark. 886, 171 S. W. 2d 470.

[3] Mr. Campbell's answer to the Circuit Court contained this language: ". . . admits that David Whittington is the City Attorney for the City of Hot Springs, Arkansas . . . admits that the City Attorney filed with the Chairman of the Hot Springs Civil Service Commission a notice of this appeal."

neys at Law'', § 81. When Mr. Whittington appeared in the Circuit Court to prosecute the appeal of the City, his standing as an attorney at law, and an officer of the court, carried with it his presumed right to represent his client; and Mr. Campbell did not challenge that representation by affidavit. Therefore, Mr. Whittington's authority was not sufficiently challenged; and the Circuit Court was correct in its ruling on this point.

II. *The Correctness Of The Circuit Court Judgment.* Mr. Campbell vigorously insists that the Circuit Court judgment was erroneous in ordering complete dismissal from the police force; but we find such insistence to be without merit. In the case at bar, the Circuit Court proceeded in strict adherence to our case of *City of Little Rock* v. *Newcomb,* 219 Ark. 74, 239 S. W. 2d 750, wherein we said:

"We conclude that the Legislature in enacting Act 326, *supra,* intended to provide for a *de novo* hearing by the circuit court on the record before the Commission and any additional competent testimony that either party might desire to introduce; and that this court should hear the matter *de novo* on the entire record before the circuit court, as in chancery cases.''

In the hearing before the Commission there was the matter of ownership of an automobile by Mr. Campbell, which automobile—it was claimed—had been used by persons committing a robbery. Mr. Campbell's title certificate showed some replacement of names; but Mr. Campbell claimed that he purchased the car in the regular course of business and paid for it with money he had earned while working in off-hours at the Citizens' Club. Here is a portion of his testimony before the Commission:

"Q. How much did you pay for that automobile?

A. $250.00.

Q. How did you pay the $250.00?

A. In cash.

Q. Did you cash a check to get that money?

A. I certainly didn't. I don't have a checking account.

Q. Then where did you get $250.00 all of a sudden?

A. I made about $500.00 at the Citizens' Club two or three months before, and that's the last I had from that, and I made several more dollars in tips from taking some of them home, and someone up there one night handed me a fifty dollar bill just for being nice to him, and I certainly didn't ask him for it. I made, I guess, between 6 and $700.00 up there, and it's turned in on my Federal income too."

The question of what kind of work Mr. Campbell was doing at the Citizens' Club was not pursued before the Commission; but when the case reached the Circuit Court, the matter was pursued; and the following occurred in the examination of one witness:

"Q. Do you know of a place called the Citizens?

A. Yes, sir.

Q. Can you state whether or not Lieutenant Campbell worked there at any time?

A. Yes, sir.

Q. When did he work there?

A. Last year.

Q. Can you recall the time of year?

A. It was during the races.

Q. What type of establishment is the Citizens?

A. It is a gambling house."

Mr. Campbell's attorney then said:

"That is right, your Honor. We will stipulate it is a gambling house in Garland County. If you will recall, the testimony was about where he got some $500 with which he bought an automobile."

We thus have a police lieutenant who was regularly working on the City police force of Hot Springs, but who, in his off time, was working in a gambling house in that City. The City police force of Hot Springs cannot condone its policemen in such violations of the law. In *Rowland* v. *State,* 213 Ark. 780, 213 S. W. 2d 370, we held that when the City Attorney failed to enforce the municipal ordinances against gambling, he was guilty of law violation. The same rule applies to a policeman who violates the gaming statutes of Arkansas found in § 41-2001 *et seq.* Ark. Stats. A policeman in a municipality cannot represent the City as a policeman part of the twenty-four hours, and then assist in the operation of a gambling place of business the rest of the time. We cannot sanction such a "Dr. Jekyll-Mr. Hyde" arrangement. It is beyond the power of the Chief of Police or the Police Department of Hot Springs to condone such action.

In this case, Mr. Campbell openly admitted law violation; and under the holding of *Rowland* v. *State, supra,* he should have been dismissed from the police force. That the Circuit Judge in the case at bar based his holding on this point is shown by the language of the judgment and the other order in the record:

". . . that the additional oral evidence adduced before this Court on this date is so convincing and of such a nature as to justify not only a demotion, but a complete discharge of Appellee from the Hot Springs Police Department. . . .

"IT IS THE ORDER OF THIS COURT that Leonard R. Ellis, Sheriff of Garland County, and the Honorable Walter J. Hebert, Prosecuting Attorney for the 18th Judicial Circuit of Arkansas be ordered and directed to make an investigation and ascertain if gambling of any nature is being carried on at the said Citizens Club; that they and each of them take the necessary actions to abate said gambling house if same is existing, and report their findings to this Court."

The judgment of the Circuit Court ordering Mr. Campbell dismissed from the police force of the City of Hot Springs is affirmed.