CITY OF LITTLE ROCK *v.* TUCKER.

5-2484                                          350 S. W. 2d 531

Opinion delivered October 23, 1961.

*Joseph C. Kemp* and *Jack Young,* for appellant.

*Martin, Dodds & Kidd,* for appellee.

NEILL BOHLINGER, Associate Justice. This case comes to us through the Pulaski Circuit Court which reversed a finding of the Little Rock Civil Service Commission under which the appellee, Lucille Edith Tucker, was discharged from her position as account-clerk in the Finance Department of the City of Little Rock.

The record reflects that the appellee began work as an account-clerk in the Finance Department of the City of Little Rock on February 8, 1959. She thereafter completed a six-month probationary period but on September 10, 1959, approximately one month after the probationary period, she was notified orally that her services with the City would be terminated on September 18th. On September 21st the head of the Finance Department wrote a letter notifying the appellee that she was terminated as of September 18th for the reason that her work was unsatisfactory.

Appellee requested and was granted a hearing before the Civil Service Commission and on October 5, 1959, the Civil Service Commission found that the appellee's work was in fact unsatisfactory and her discharge was upheld.

Appellee then appealed the finding of the Civil Service Commission and a hearing was had before Pulaski Circuit Court on January 13, 1960, which resulted in a finding reversing the Civil Service Commission. The City of Little Rock, the appellant herein, has appealed that finding and the case is presented here.

The object of Civil Service is best stated in the preamble to Act 339 of the Acts of 1939 as follows:

"Whereas, it is for the best interest of the public that persons engaged in the service of such cities be employed and discharged according to their merits and the necessity of the city for their services and not according to political expediency or personal favoritism:".

The Act, therefore, may be viewed as one which sought to serve the best interest of the city through the employment of qualified persons and to accomplish this end it removed the employees from the uncertain winds of political preferment and the frustrations of personal whims of those in authority. To obtain these ends the employee has the right to have his allegation of unjust discharge reviewed by the Civil Service Commission and if necessary, by the circuit court and thereafter bring it to the attention of this court.

The circuit court reviews the question *de novo* on the record before the Civil Service Commission and any additional competent testimony presented to it and on an appeal from the decision of the circuit court, the matter is presented here *de novo* on the entire record and is viewed as chancery cases are considered here.

The case of the *City of Little Rock* v. *Newcomb*, 219 Ark. 74, 239 S. W. 2d 750, makes this abundantly clear.

"We conclude that the Legislature in enacting Act 326, [§ 2 of Act 326 of 1949 (Ark. Stats., § 19-10320)], intended to provide for a *de novo* hearing by the circuit court on the record before the Commission and any additional competent testimony that either party might desire to introduce; and that this court should hear the matter *de novo* on the entire record before the circuit court, as in chancery cases. While this necessarily means that neither the circuit court nor this court, on appeal, is bound by the findings and conclusions of the trial tribunal, it does not mean that due deference is not to be accorded the trial tribunal's finding as to the preponderance of the evidence where the testimony is hopelessly conflicting, or evenly balanced. Although we try chancery cases *de novo,* we have frequently said that the judgment of the chancellor on the question of the preponderance of the evidence will be considered as persuasive when the evidence is conflicting and evenly poised, or nearly so. *Greenlee* v. *Rowland,* 85 Ark. 101, 107 S. W. 193; *Benton* v. *Southern Engine & Boiler Works,* 101 Ark. 493, 142 S. W. 1138; *Civil Service Commission of Van Buren, Arkansas* v. *Matlock, supra* [206 Ark. 1145, 178 S. W. 2d 662]."

Since we consider this case "as in chancery cases," *de novo,* the sole question presented is whether or not the preponderance of the evidence appears to be against the finding of the trial court. In a case tried *de novo* here,

"* * * unless the preponderance of the evidence appears to be against the chancellor's findings we must

affirm." See: *Lupton* v. *Lupton*, 210 Ark. 140, 194 S. W. 2d 686; *Turnage* v. *Matkin*, 227 Ark. 528, 299 S. W. 2d 831.

"* * * the judgment of the chancellor on the question of the preponderance of the evidence will be considered as persuasive when the evidence is conflicting, and evenly poised, or nearly so." *City of Little Rock* v. *Newcomb, supra; Turnage* v. *Matkin*, 227 Ark. 528, 299 S. W. 2d 831.

Viewing the testimony in that light, we find that the appellee served a probationary period of six months and we must assume that she was found competent because she continued in her employment after the probationary period. After this six-month period, appellee's supervisor testified of her attitude toward her work and comments to some extent on her indifferent attitude on Monday morning and he attributes, without proving, that her indifferent attitude was perhaps due to excess on the weekends, and called attention to a three-day absence. The question of appellee's addiction to strong drink was never established by any witness. The strongest evidence in behalf of the supervisor's allegation was the fact that appellee's son said once, over the telephone, that his mother was in bed and had been drinking; that on another occasion the appellee had asked a man connected with the traffic department of the City of Little Rock for some medication to take the scent of liquor off her breath. All of these things are denied by the appellee and no person testified as to any effects of liquor in the appellee's discharge of her duty or to her conduct on the job.

There is evidence by the supervisor that in making up payroll sheets the appellee made numerous errors which necessitated extra care on the part of the supervisor and fellow employees who worked with the appellee. It appears that the appellee and other employees worked on the same sheets and no person points out which errors, if any, were the work or omissions of the appellee and which were the work of her co-workers.

We have reviewed the record with care and we are unable to say that the preponderance of the evidence is against the finding of the trial court and unless we can so do, this case must be affirmed. It is so ordered.