McNEAL v. CIVIL SERV. COMM. OF CITY OF LITTLE ROCK.

5-3129                                          372 S. W. 2d 614

Opinion delivered December 2, 1963.

*Martin, Dodds & Kidd* and *Griffin Smith*, for appellant.

*Joseph C. Kemp* and *Jack Young*, for appellee.

GEORGE ROSE SMITH, J. In February of 1962 the appellant, a civil service employee in the Little Rock health department, was arrested upon a charge of operating a gambling house. Rule 21 of the Little Rock Civil Service Commission provides that a city employee may be discharged for behavior unbecoming to a gentleman or of such a nature as to bring disgrace or disrepute upon a municipal department or any of its members. Before the criminal case was tried the city's public health director instituted this proceeding against McNeal, under the civil service law. After a hearing the civil service commission ordered that McNeal be dismissed. That order was affirmed by the circuit court. McNeal now contends that his offense was not serious enough to amount to a violation of Rule 21 and that the commission should not have acted until the criminal charge had been disposed of.

It was not necessary for the commission to await the outcome of the criminal case. A criminal charge must be proved beyond a reasonable doubt, but in a civil proceeding a mere preponderance of the evidence is sufficient. Hence even if McNeal had been acquitted in the criminal case the civil service commission might nevertheless have found that he had committed the offense in question. *Horn* v. *Cole*, 203 Ark. 361, 156 S. W. 2d 787.

In a proceeding of this kind we review the evidence *de novo*, as in chancery. *City of Little Rock* v. *Tucker*, 234 Ark. 35, 350 S. W. 2d 531. McNeal was charged below with having operated a pinball machine as a gambling device. He owned several amusement machines that were on location at the Snack Shack, a combined beer tavern and pool hall run by his wife. A plain-clothes policeman testified that in the course of his duty he entered this establishment one evening and succeeded in accumulating

twenty free games upon a pinball machine, for which he requested payment from a woman behind the counter. The woman asked him to wait a minute, saying that she didn't make the payoffs on the machine. In a few minutes McNeal appeared, pressed a button to clear the free games from the machine, and handed the officer a dollar. McNeal was arrested and admitted to two other officers that he had made the payoff, saying that he did so because his wife was busy. On the witness stand McNeal conceded that he gave someone a dollar, but he denied having known what the payment was for. When all the circumstances are considered we think the decided weight of the evidence shows that McNeal knowingly took part in the operation of a gambling device. In fact, there is no real contention to the contrary.

We have no hesitancy in declaring that McNeal's conduct violated the city's Rule 21. His behavior was unbecoming to a gentleman; it was of such a nature as to bring him into disrepute as a municipal employee. It must be realized upon reflection that in our system of self-government it is essential that those in the public service demonstrate a high sense of morality. Public employment must be regarded as something more than a mere opportunity to earn a selfish livelihood. If those privileged to be in the public service do not display that basic integrity that the government itself must have, how can the people be expected to maintain their confidence in the system?

The suggestion here, that a public employee must be allowed to engage in professional gambling activities during his off-duty hours, is so greatly opposed to sound principle that we do not think it deserves extended discussion.

Affirmed.