5-3414                                     385 S. W. 2d 643

Opinion delivered January 11, 1965

*Joseph C. Kemp, Jack Young,* for appellant.

*Jack Holt, Jr., Jack Holt, Sr.,* for appellee.

PAUL WARD, Associate Justice. Appellee, B. A. Griffith, a lieutenant on the Little Rock police force, was accused of mistreating Theo Shaw on September 15, 1963 while Shaw was in his custody on a suspicion charge. On September 24, 1963 the acting chief of police wrote to appellee stating his services were terminated for violation of that portion of the department rules and regulations which reads: ''No officer shall wilfully mistreat or use unnecessary violence toward any person''.. On appeal to the Civil Service Commission testimony was introduced and the commission, on October 10, 1963, sustained appellee's dismissal.

Appellee then perfected an appeal to the circuit court where the case was tried on the transcript of the proceedings before the Civil Service Commission and upon testimony taken ore tenus. The trial court found:

''The record of proceedings and evidence introduced at the hearing before the Civil Service Commission, together with other evidence ore tenus before the Court, from all of which the Court, giving the evidence its greatest and proper weight, finds that the charges have not been sustained by the preponderance of the evidence.

"It is therefore ordered that the order of the Civil Service Commission of Little Rock, upholding the discharge of Lieutenant Griffith from the Police Department, be set aside and that Griffith be restored to his former duty and rank as of the date of discharge."

A careful review of the pertinent testimony leads us to conclude that the order of the circuit court must be affirmed. The testimony is conflicting, and there is no convincing evidence that appellee mistreated Shaw. On the early morning (about 4 o'clock) of September 15, 1963 appellee sent two police officers to Shaw's home to pick him up; they brought him to the jail for questioning. Shaw says that while he, appellee, and one or two other officers were present in the recreation room, he was struck by appellee with what looked like a piece of rubber—that he was also struck by two other police officers. This is denied emphatically by appellee and the other officers present. C. H. Jones, editor of the Southern Mediator Journal for 26 years, testified in substance: On the night after Shaw was allegedly mistreated I interviewed Shaw about the incident; my write up appeared in the Journal four days later (exhibiting the article). At no time during the interview was appellee's name mentioned as having been implicated in the alleged beating of Shaw. Shaw did make reference to two other policemen all the way through the interview. Ten people, including attorneys, police officers and ex-police officers, testified they had known appellee for many years (ranging from 5 to 25 years) and that he had a good reputation.

Under the rules applicable to a case of this type, we cannot say the judgment of the trial court is against the preponderance of the evidence. The case was tried de novo in the circuit court and it is tried de novo here. *City of Little Rock* v. *Newcomb,* 219 Ark. 74, 239 S. W. 2d 750, and *Campbell* v. *City of Hot Springs,* 232 Ark. 878 (p. 881), 341 S. W. 2d 225.

Affirmed.

HOLT, J., not participating.