674

5-3617                                          393 S. W. 2d 616

Opinion Delivered September 13, 1965.

*Earl J. Mazander,* for appellant.

*Dorsey D. Glover,* for appellee.

Carleton Harris, Chief Justice. This appeal relates to the dismissal of a Malvern police officer, Clyde Warwick, appellant herein. Warwick was notified on November 20, 1962, by the Civil Service Commission that he had been relieved of his duties because of insubordination, the charge alleging that he did not report for regular duty with the Police Department from Monday evening, November 5, 1962, until Friday evening, November 9, 1962. Subsequently, the charges were amended to include conduct unbecoming an officer, violation of Section 4, Article 3, of the Civil Service Rules and Regulations (parking patrol car and leaving post of duty without being relieved, or without notifying a superior officer), and violation of Section 7, Article 3 (failure to pay debts).

Following a request by Warwick, the commission held a hearing, and, after completion of the testimony, found that the evidence was sufficient to sustain the charges made against appellant. He was thereupon dis-

charged from the Malvern police force. In due time, Warwick appealed these findings to the Hot Spring County Circuit Court, which heard the case on the record taken before the commission, and also additional evidence which was offered before the court. At the conclusion of this hearing, the Circuit Court held that Warwick had been absent without leave a sufficient number of times to warrant disciplinary action, and found that the ruling of the Civil Service Commission should be affirmed. From the judgment so entered, appellant brings this appeal.

Let it first be stated that appeals from a Civil Service Commission are reviewed by the Circuit Court on the record presented before the commission and any additional competent evidence that may be offered. On appeals from the Circuit Court to this court, we review the entire record *de novo,* as in chancery cases. *Campbell* v. *City of Hot Springs,* 232 Ark. 878, 341 S. W. 2d 225; *City of Little Rock* v. *Tucker,* 234 Ark. 35, 350 S. W. 2d 531. Appellant argues that we can only concern ourselves with whether he was absent from duty without leave from the proper authorities a sufficient number of times to warrant disciplinary action, since that was the only finding made by the Circuit Court, *i.e.,* the court made no specific findings affirming the commission on the other charges, and appellant apparently feels that the net result of the Circuit Court's order is to find him innocent on these particular counts. From the cases just cited, it is obvious that appellant is in error in this assertion, as this court reviews the entire record *de novo.*

Actually, the abstract of the record is insufficient in that all proceedings and evidence taken before the commission have not been abstracted, and we would be justified in affirming the trial court on that basis. Appellant only abstracted the evidence relating to absence from duty without proper leave, but we think this evidence alone was sufficient to justify that tribunal in upholding the commission.

While the particular charges relative to failure to report for duty relate only to the period from November

5 to November 9, 1962, the record reflects some twenty instances, commencing on August 1, and running until November 16, when appellant either did not report at all, or went home while on duty. An excuse, or reason, was given for absences on some of these occasions, but in by far the greater number of instances, no explanation is shown for the absence. Warwick contends that most of the absences were due to neck and back injuries that he testified had been sustained in October, 1960, while making an arrest, and which, he stated, continued to incapacitate him. During the specific November period here in question, appellant's evidence reflects that his wife called the Police Department on Monday, November 5, and Tuesday, November 6, advising that her husband was sick and would not be at work (though this second call is disputed under the evidence). Admittedly, neither the chief, nor any other officer, was notified of appellant's whereabouts on Wednesday, November 7, or Thursday, November 8. Warwick stated that he should have reported, "but I was on the bed and couldn't get up." Apparently, the department had been rather lenient with Warwick as to past absences, and the subsequent absences, wherein no notice was given to the Police Department that appellant did not intend to report for work, together with leaving his post, we think, justified disciplinary action. With reference to his leaving for three or four hours while on duty, appellant stated, "The reason I didn't report in sometimes the chief wasn't in and every hour I was off was on account of this injury."

Testimony reflected that on one occasion Warwick reported that he had to go to the office of his physician in Malvern, Dr. White, for a treatment, but within five minutes, he was seen at the Barlow Hotel,[1] drinking coffee. There was testimony from one of the officers that, on another occasion, appellant left his police car (parking it at the station), and was gone from 2:30 A.M. until 5:00 A.M. without advising where he could be located. This was disputed by Warwick, but the court heard and saw these witnesses testify, and was in a bet-

---

[1] The Chief of Police complained that Warwick spent too much time at the Barlow Coffee Shop.

ter position to determine which parties were correctly relating the facts. Other alleged instances of neglect of duty appear in the transcript, but no good purpose would be served by detailing them. Although, as stated, appellant contended that illness was responsible for his absences, it is noticeable that while six physicians [2] are mentioned by Warwick as having examined or treated him, not one line of evidence was offered by any doctor (or any other person) to corroborate his testimony that he was prevented from working because of his physical condition. It is, of course, particularly essential that a police officer regularly and properly report his whereabouts, for the very nature of his duties requires that this be done. When murder, burglary, or other felony is committed, prompt pursuit and early investigation are necessary; efficient law enforcement demands timely and immediate action. This cannot be provided if officers, supposedly on duty, cannot be located.

The record also reflects that Warwick had permitted himself to become deeply involved in debt, even to the extent of finally borrowing money from a mail-order finance company in Omaha, Nebraska.[3] One of the charges against appellant was violation of Article 3, Section 7, which provides that ''Every member of the Police Department shall at all times pay their debts promptly. Failure to do so shall make a member subject to dismissal.'' Of course, circumstances, over which an individual would have no control, could place one in debt, but, in the main, the bills owed by appellant did not appear to be due to the purchase of ''necessities.''[4]

All in all, a reading of the transcript clearly conveys the impression that appellant lacked interest in his employment, and we agree with the trial court that the findings of the commission should be upheld.

Affirmed.

---

[2] Drs. White, Jordan, Murphy, Lester, McHaney and Thompson.

[3] Interest rates were described as "high."

[4] He did, however, state that his reason for spending the "uniform allowance," given by the department, for other than the allotted purpose, was that his wife had to go to a specialist in Little Rock.