The Honorable Lonnie P. Clark State Representative P.O. Box 307 Berryville, AR 72616
Dear Representative Clark:
This is in response to your request for an opinion with regard to the Berryville City Attorney's representation of the city planning commission. Your specific question is as follows:
 Does he [the city attorney] have to defend a lawsuit against the city planning commission by a citizens group if the city council instructs him not to defend the commission in this action?
You note that the city attorney needs to know whether he is bound by law to defend the city planning commission if they request his services, or does he follow the orders of the mayor and the city council.
It seems clear that the duties to be performed by a city attorney in a city of the first class are those prescribed by ordinance. A.C.A. 14-43-313; see also Campbell v. City of Hot Springs,232 Ark. 878, 341 S.W.2d 225 (1961); Rowland v. State, 213 Ark. 780,213 S.W.2d 370 (1948). Any ordinance in this regard will therefore be determinative. A presumption may arise, in the absence of an ordinance to the contrary, that the city attorney has the authority to represent the commission. See, generally, Campbell v. City of Hot Springs, supra. It may also reasonably be concluded, however, that an absence of authority can be established through facts. See Campbell, supra.
The orders of the mayor and city council would, in my opinion, be conclusive of the matter, if embodied in a duly enacted ordinance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A Walker.