Frank DALEY *v.* CITY OF LITTLE ROCK,
Little Rock Fire Department

CA 90-498                                          818 S.W.2d 259

Court of Appeals of Arkansas
Division I
Opinion delivered November 13, 1991
[Rehearing denied December 18, 1991.]

*Karen K. Johnson*, for appellant.

*Thomas M. Carpenter*, City Att'y, by: *Edward Gadcock*,

Asst. City Att'y, for appellee.

JAMES R. COOPER, Judge. The appellant, an employee of the Little Rock Fire Department, was subjected to disciplinary action by the fire department in January 1985 which ultimately resulted in a six-day suspension. He was again subjected to disciplinary measures in July 1987, and was suspended for thirty days, and on September 1, 1987, the fire department terminated his employment. In two separate decisions rendered in 1986 and 1988, the Little Rock Civil Service Commission upheld the actions taken against the appellant. The appellant appealed both of the civil service commission decisions to the Pulaski County Circuit Court, but before either of the appeals had been heard, the appellant filed and completely litigated a federal lawsuit based on 42 U.S.C. § 1983 which arose from the same incidents heard by the Little Rock Civil Service Commission. After the federal decision, which was adverse to the appellant, was upheld by the Eight Circuit Court of Appeals, the appellant resumed his efforts to appeal the Little Rock Civil Service Commission's decisions. The appellee moved for summary judgment on the theory of *res judicata*, and the Pulaski County Circuit Court granted this motion on July 24, 1990. From that decision, comes this appeal.

For reversal, the appellant contends that the circuit court erred in granting the appellee's motion for summary judgment because, the appellant asserts, an appeal of a civil service commission decision to circuit court does not constitute subsequent litigation for *res judicata* purposes. The appellant also contends that the circuit court erred by failing to find that the appellee waived the defense of *res judicata* by not asserting it to the federal trial court. We find no error, and we affirm.

■■ Under the claim preclusion aspect of the doctrine of *res judicata*, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Toran v. Provident Life*, 297 Ark. 415, 764 S.W.2d 40 (1989). *Res judicata* bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated. *Id. Res judicata* bars relitigation when (1) the first suit resulted in a judgment on

the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988).

Appellant concedes that his federal suit arose from the same incidents heard by the civil service commission, and that his federal lawsuit was completely litigated. Citing the Missouri case of *Shaffer* v. *Terry Dale Management Corp.*, 648 S.W.2d 595 (Mo. App. 1983), the appellant argues that appeals are not subsequent litigation for purposes of *res judicata*. Therefore, he contends, his appeal of the civil service commission decisions to the Pulaski County Circuit Court should not be barred by that doctrine. We do not agree. First, we note that the Missouri Court of Appeals in *Shaffer, supra,* was not considering the application of *res judicata*, but instead dealt with the related, but distinct, principle of collateral estoppel.

Next, we note that the circuit court does not merely review the decision of the civil service commission for error, but instead conducts a *de novo* hearing on the record before the civil service commission and any additional competent testimony that either party might desire to introduce. *Campbell* v. *City of Hot Springs*, 232 Ark. 878, 341 S.W.2d 225 (1961); Ark. Code Ann. § 14-51-308(e)(1)(C) (1987). The effect of this statutory provision for a *de novo* appeal to circuit court is to reopen the entire matter "for consideration by the circuit court, as if a proceeding had been originally brought in that forum." *Civil Service Commission of Van Buren* v. *Matlock*, 206 Ark. 1145, 178 S.W.2d 662 (1944). The *Matlock* court, in describing the nature of an appeal to circuit court from a civil service commission decision, quoted with approval from *United States* v. *Ritchie*, 58 U.S. 528 (1854), for the proposition that, although the transfer is called an appeal,

> we must not, however, be misled by a name, but look to the substance and intent of the proceeding. The district court is not confined to a mere re-examination of the case as heard and decided by the board of commissioners, but hears the case de novo, upon the papers and testimony which had

been used before the board, they being made evidence in the district court; and also upon such further evidence as either party may see fit to produce.

*Matlock*, 206 Ark. at 1150.

■ Therefore, although the transfer from the civil service commission is called an appeal in Ark. Code Ann. § 14-51-308(e)(1), the circuit court proceeding is in the nature of an original action. We think that the substance and intent of the circuit court proceeding is to provide a judicial forum for relitigation of the case. Therefore, we hold that the decision in the federal case is *res judicata* as to the matters involved in the appeal to circuit court from the civil service commission decisions in the case at bar because the circuit court case is, in substance, an original action. *See Matlock, supra.*

■■ The appellant next asserts that, "[s]ince Appellee has argued that [the circuit court] cases are appeals, they [sic] should be judicially estopped from now arguing differently." We do not agree. Judicial estoppel is a doctrine whereby a party may be prevented from taking inconsistent positions in successive cases with the same adversary. *Muncrief v. Green*, 251 Ark. 580, 473 S.W.2d 907 (1971). The doctrine has been said to be one of vague application, but it is commonly required that the parties be the same, and that the same questions be involved. *Rinke v. Weeman*, 232 Ark. 900, 341 S.W.2d 44 (1960). Although the appellee did refer to the circuit court actions as "appeals" in its motion for summary judgment (and did so correctly, since that is the terminology employed by the statute), the appellee has taken no position contrary to its contention that the federal court decision is *res judicata* to the matters before the circuit court. The doctrine of judicial estoppel is therefore not applicable.

Finally, the appellant argues that the circuit court erred in finding that the appellee "had not waived the defense of *res judicata* by not pleading it at the trial court level." The appellant asserts that the *res judicata* defense should have been raised in federal court, apparently on the premise that the Pulaski County Circuit Court was an appellate court in this proceeding. We do not agree.

■ The appellant cites *Taggart* v. *Moore*, 292 Ark. 168,

729 S.W.2d 7 (1987) for the proposition that the appellee was required to present the defense of *res judicata* in the federal action because the civil service commission decisions were rendered before the federal case concluded. *Taggart* does state that "specific defenses and prayers for relief must be raised in the proper forum or be barred by *res judicata*." 292 Ark. at 172. Apparently, the appellant is arguing that the appellee's defense of *res judicata* is barred by *res judicata* because the appellee failed to present it to the federal court. Such an argument ignores the purpose of the *res judicata* doctrine, which is to put an end to litigation by precluding a party who had the opportunity for one fair trial from drawing the same controversy into issue a second time before a different court. *Taggart*, 292 Ark. at 171. The appellant in the case at bar has had the opportunity for at least one fair trial of this controversy and, without deciding whether the issue of *res judicata* could have been successfully raised in the federal proceeding, we hold that the Pulaski County Circuit Court was a proper forum in which to raise that defense, and that the circuit court did not err in granting the appellees' motion for summary judgment. There must be an end to litigation at some point, and we have reached it in this case.

Affirmed.

JENNINGS and ROGERS, JJ., agree.