The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion on whether a "city council can hire an attorney to represent them and make the city pay for it, when there is already a city attorney representing the city." Specifically, you note that the City of Waldron approved a motion to hire an attorney to represent them with the City being responsible for any expenses incurred. You note that this would be a "duplication of what the present city attorney's functions are."
It is my opinion that the answer to this question will depend upon the facts surrounding the retention of the private attorney, as more fully explained below, and may depend upon any relevant provisions in the charter of the City of Waldron.
As an initial matter it is necessary to note that the City of Waldron is a city of the first class. The only state law addressing the duties of city attorneys in cities of the first class is A.C.A. § 14-43-313
(1987), which provides simply that: "The . . . [city] attorney shall give the bond, perform the duties, and receive such salary as is prescribed by ordinance in each of these cities." It has been noted twice by the Arkansas Supreme Court that this statute leaves it entirely to the city council in each city to prescribe the duties of city attorney.[1] SeeCampbell v. City of Hot Springs, 232 Ark. 878, 341 S.W.2d 225 (1960) andRowland v. State, 213 Ark. 780, 213 S.W.2d 370 (1948).
The city council is thus given wide latitude to prescribe the duties of an elected city attorney in a city of the first class. This power arguably includes the authority to specify what city officials will be represented by the city attorney, and in what instances. This power is not absolute, however. I have recently opined, for example, that the city council may not redefine the duties of the office of city attorney in a city of the first class in a manner that would subvert the will of the electorate or undermine the purposes for which the voters elected the city attorney. See Op. Att'y Gen. 97-038. It was concluded in Opinion97-038 that "it would be inappropriate for the city council to divest the office [of city attorney] of its duties or to reassign the duties to another person." Id., citing Ops. Att'y Gen. 96-091 and 95-187. Additionally, it has previously been opined that a city of the second class in all likelihood is without power to appoint two city attorneys, one to handle criminal matters and one to handle civil matters. See Op. Att'y Gen. 90-053.
On the other hand, I have opined, at least implicitly, that it would be appropriate for the city council to employ counsel other than the city attorney in certain instances. For example, I have previously concluded that a city attorney may recuse from representing the city council where he or she has a conflict of interest. See, e.g., Op. Att'y Gen. 96-374
(involving a city attorney in a city of the second class). It would necessarily follow that the employment of special counsel to represent the city council in that instance and the appropriation of money to pay for those services, would be proper. See also generally, Op. Att'y Gen.89-235 (addressing questions about special counsel hired by the city council to represent it after city attorney recused due to a conflict of interest).
Although your request does not include specific facts surrounding the representation to be provided by the private counsel, to the extent the facts are that the city council has simply hired private counsel to represent it in all matters, instead of the city attorney, the situation falls somewhere between the examples addressed in the two groups of opinions cited above. That is, it appears from your request that the Waldron City council has not taken away all the duties of the city attorney, and reassigned them to another individual, it has merely hired another individual to represent the city council. This is based upon the assumption that the city attorney has some duties in addition to representing the city council which he or she will still perform. The employment of special counsel you describe, however, appears to be more expansive than simply retaining special counsel where the city attorney has a conflict of interest in a particular matter.
The statutes and judicial decisions of this state do not provide any guidance as to whether this action is within the permissible scope of the city council's authority. It has been stated generally that:
 In the exercise of power conferred on it by charter or statute, the council or other governing body of a municipality may assign or prescribe, take away, vary, add to, or diminish the duties of a municipal officer, or transfer those duties to another officer, subject to limitations prescribed by charter or statute. . . . On the other hand, a city council has no power, in the absence of a charter or statutory provision conferring it, to put, by ordinance, all the principal duties of an officer, whose duties are prescribed by charter or statute, on another; and where an office is created by a city charter and the duties thereof are defined by that instrument, it is not within the power of the board of commissioners to transfer such duties to another office, unless there is some specific provision in the charter authorizing such transfer.
62 C.J.S. Municipal Corporations § 545(a)(2) (footnotes omitted).
The answer to your ultimate question may thus depend upon the extent of the duties to be performed by the private counsel, the remaining duties of the city attorney, and any relevant provision in the City's charter. In my opinion the city council cannot take away all the principal duties of the city attorney and vest them in another person. The representation of the city council is, in my opinion, a principal duty of the city attorney. It is not, in many instances, his or her only duty, however. The city attorney in some cases is also responsible for certain criminal prosecutions and performs other duties for the city. This may depend, again, on the facts surrounding a particular city attorney. If, by virtue of the employment of the private counsel, the city council has taken away virtually all of the duties of the elected city attorney, it is my opinion that this action is impermissible. To the extent, however, that the city attorney continues to perform significant duties for the City, while the specially appointed attorney represents the council, the action may be authorized, depending upon all the surrounding facts and any relevant provisions of the City charter.
Again, the answer to your question will turn upon factual issues. I hope the foregoing is helpful in addressing the question.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] The statutes are more specific in enumerating the duties of city attorneys in cities of the second class. See A.C.A. § 14-42-112 (Supp. 1995) (stating that the duties of that officer include the duty to represent the city in "all actions, both civil and criminal").