CITY of LITTLE ROCK *v.* Richard Alan HUBBARD, Jr.

CA 02-1084 112 S.W.3d 375

Court of Appeals of Arkansas
Division III
Opinion delivered May 7, 2003

*Office of the City Attorney*, by: *Bradley S. Chafin*, Deputy City Att'y, for appellant.

*Robert A. Newcomb*, for appellee.

TERRY CRABTREE, Judge. This is an employment-termination case. Chief Phil Johnston of the Little Rock Fire Department wrote the appellee, Richard Hubbard, a letter terminating him from his position as a driver for the fire department effective April 20, 2001. Appellee appealed his termination to the Little Rock Civil Service Commission. After a hearing, the Commission signed an order on August 9, 2001, which altered the form of discipline imposed on appellee. Rather than terminating appellee, the Commission imposed an unpaid thirty-day suspension on him, ending at the conclusion of his family-medical leave, and thereafter allowed him a one-year unpaid leave of absence to complete drug rehabilitation. The appellant, City of Little Rock, appealed the Commission's decision to the Pulaski County Circuit Court, and the circuit court upheld the Commission's ruling. First on appeal, appellant claims that the circuit court's decision

was not supported by substantial evidence and that the trial court did not engage in a *de novo* review of the case. For appellant's second point on review, it contemplates a possible conflict-of-interest argument from appellee. We reverse and remand.

Appellee became a firefighter for the City of Little Rock on July 4, 1988, where he worked as a hoseman. In 1996, appellee was promoted and began driving fire trucks. He served as a driver until he was terminated. Appellee began having problems with drug addiction in 1993. Since July 2000, appellee has been in at least three different drug-treatment programs.

In July of 2000, appellee entered a drug-treatment program at Bridgeway in Little Rock; however, he suffered a relapse shortly thereafter. On October 2, 2000, appellee suffered a knee injury and took leave until November 7, 2000. In the meantime, on October 28, 2000, appellee entered COPAC, a drug-rehabilitation facility. Several days later, appellee's wife met with Chief Johnston to discuss appellee's rehabilitation and request a family-medical leave for him. That day, Chief Johnston sent a letter to appellee explaining family-medical leave procedures. On November 10, 2000, appellee's family-medical leave began and continued for twelve weeks.

While at COPAC, appellee left the facility for a short time with two other patients and smoked marijuana and drank alcohol. Ultimately, on December 27, 2000, after sixty days of treatment, appellee left COPAC against medical advice. Appellee testified that he left the facility because it cost $6,000 per month for treatment and that this financial burden was too great for his family. On January 16, 2001, appellee called Chief Wilson and represented that he was ready to return to work. On January 18, 2001, appellee presented to Dr. Harley Haber in Little Rock, and the doctor released appellee to work effective January 22, 2001. On January 25, 2001, Chief Johnston sent appellee a pre-termination letter. On February 9, 2001, an administrative hearing was held regarding appellee. Finally, appellee received a letter dated April 20, 2001, which stated that he was terminated effective that day.

On July 17, 2001, the Civil Service Commission held a hearing concerning appellee's termination. The Commission over-

turned Chief Johnston's decision to terminate appellee and instead imposed an unpaid thirty-day suspension, to end at the conclusion of his family-medical leave, and thereafter granted appellee a one-year unpaid leave of absence. Appellant appealed to the circuit court, and it upheld the Commission's decision to modify appellee's punishment.

■ ■ Appellant contends that substantial evidence does not support the circuit court's order and that the trial court did not engage in a *de novo* review of the case. The circuit court reviews decisions of the Civil Service Commission *de novo* and has jurisdiction to modify the punishment fixed by the Commission even if the court agrees that the officer violated department rules and regulations. *City of Van Buren v. Smith*, 345 Ark. 313, 46 S.W.3d 527 (2001); *City of Little Rock v. Hall*, 249 Ark. 337, 459 S.W.2d 119 (1970). The circuit court does not merely review the decision of the Civil Service Commission for error, but instead conducts a *de novo* hearing on the record before the Civil Service Commission and any additional competent testimony that either party might desire to introduce. *Daley v. City of Little Rock*, 36 Ark. App. 80, 818 S.W.2d 259 (1991); Ark. Code Ann. § 14-51-308(e)(1)(C) (2000). The effect of this statutory provision for a *de novo* appeal to circuit court is to reopen the entire matter for consideration by the circuit court, as if a proceeding had been originally brought in that forum. *Civil Service Commission of Van Buren v. Matlock*, 206 Ark. 1145, 178 S.W.2d 662 (1944). Although the transfer from a civil service commission is called an appeal in Ark. Code Ann. § 14-51-308(e)(1), the circuit court proceeding is in the nature of an original action. *Daley, supra.*

■ In *Petty v. City of Pine Bluff*, 239 Ark. 49, 386 S.W.2d 935 (1965), our supreme court stated that the test on appeal to the supreme court from circuit court was whether the judgment was supported by substantial evidence. However, that holding was changed effective July 1, 1979, by Arkansas Rule of Civil Procedure 52, which now prevents us from reversing the trial court unless its findings are clearly against the preponderance of the evidence. *See City of Van Buren v. Smith, supra.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a

mistake has been made. *Foundation Telecommunications v. Moe Studio*, 341 Ark. 231, 16 S.W.3d 531 (2000).

In its order-filed on July 13, 2002, the circuit court wrote:

> The Court, after hearing arguments of counsel and having reviewed the record finds that while there is substantial evidence to support Little Rock Fire Chief Johnston's decision to terminate [Hubbard's] employment with the Little Rock Fire Department, there is also substantial evidence to support the decision of the Little Rock Civil Service Commission to overturn the Chief's decision and hereby affirms the Civil Service Commission's decision for the reasons stated from the bench, which are hereby incorporated herein.

The trial judge stated from the bench:

> The Court is going to rule to affirm the decision of the Civil Service Commission. I do that in disagreeing with the City's position at this point. The City being the Chief. There is substantial evidence for the Commission's decision. I am not saying that there is a preponderance or that there is more evidence, but there is substantial. The Court believes that the Commission is charged with having the final say on employee matters. Both the Commission and the Chief disciplined Mr. Hubbard and it is just a question of degree of discipline. The Court affirms the ruling of the Civil Service Commission.

The foregoing demonstrates that the circuit court was clearly confused as to the type of review it should conduct. In its order, the court stated that substantial evidence supported the Commission's decision. From the bench, the trial judge referred to the substantial-evidence standard of review in addition to "a preponderance [of the evidence]."

 Undoubtedly, the trial court should have engaged in a *de novo* review of the matter. *See City of Van Buren v. Smith, supra.* The substance and intent of the circuit court proceeding is to provide a judicial forum for relitigation of the case. *Matlock, supra.* In *Matlock,* the court described an appeal to circuit court from a civil service commission and quoted *United States v. Ritchie,* 58 U.S. 525 (1854), for the proposition that, although the transfer is called an appeal:

[W]e must not, however, be misled by a name, but look to the substance and intent of the proceeding. The district court is not confined to a mere re-examination of the case as heard and decided by the Board of Commissioners, but hears the case *de novo*[.]

*Matlock* at 1150, 178 S.W.2d at 665. We are convinced that the trial court made its decision in this case according to a substantial-evidence test. Because the trial court did not conduct a *de novo* review of this matter, we reverse and remand to the circuit court for a new trial consistent with this opinion. We need not address appellant's second point on appeal as we reverse and remand on the first.

Reversed and remanded.

STROUD, C.J., and ROBBINS, J., agree.