Ms. JoAnne H. Bush Chairman of the Board of Trustees Arkansas Local Police Fire Retirement System P.O. Box 34164 Little Rock, AR 72203
Dear Ms. Bush:
I am writing in response to your request for an opinion concerning membership on the Board of Trustees of the Arkansas Local Police Fire Retirement System ("Board"). Your request is a follow-up to a previous opinion (Op. Att'y Gen. 2003-370) issued to you regarding a particular individual's membership on the Board as a firefighter/member trustee. The individual in question had been terminated from his position with a municipal fire department and was appealing his discharge to the Civil Service Commission ("Commission") of the municipality. His term was to end December 31, 2003, and you asked whether his termination disqualified him from participating in a December 4, 2003 Board meeting. The issue was whether he had ceased to be a member of the Arkansas Local Police and Fire Retirement System ("LOPFI") such that the position must be declared vacant, in accordance with A.C.A. § 24-10-202 (a). I concluded that the answer to this question was "no" because based upon my reading of the relevant statutes, the discharge was not considered final pending the appeal to the Commission. Op. Att'y Gen. 2003-370 at 3.
You now state that the termination of this firefighter/member trustee was upheld by the Commission, and that he has appealed this decision to circuit court. You have asked:
 Does the action of the Civil Service Commission upholding his termination disqualify him from participating as a board member? Restated, does the fact that he has appealed the decision upholding his termination by the Civil Service Commission preserve his membership in LOPFI thereby qualifying him to be a firefighter representative on the LOPFI board?
RESPONSE
It is my opinion that this firefighter/member trustee is no longer qualified to serve on the Board and must be considered as having resigned, in accordance with A.C.A. § 24-10-202(a). Until the Board declares the trustee position vacated, however, he continues to serve as a "de facto" officer and any of his official acts are valid.
As discussed in Opinion 2003-370, membership in LOPFI is a condition to one's right to continue serving as a "member trustee" on the Board.[1]
Arkansas Code Annotated § 24-10-202(a) (Supp. 2003) provides in relevant part:
 In the event any member trustee ceases to be a member of the Arkansas Local Police and Fire Retirement System, . . . he or she shall be considered as having resigned from the board, and the board by resolution shall declare his or her office of trustee vacated.
One's membership in LOPFI ceases when he or she "is no longer employed by any employer in covered employment." A.C.A. § 24-10-504(a) (1) (Supp. 2003). "Covered employment" means "employment as a police officer or fire fighter in a position covered by the system[.]" A.C.A. § 24-10-102(9) (Supp. 2003). See also A.C.A. §§ 24-10-102 (16) (A) (defining "firefighter" as "any regular or permanent employee") and 24-10-102 (13) (A) ("employee" means "any person regularly employed by a political subdivision who receives remuneration. . . .")
It is clear from these provisions that a municipal firefighter/member trustee who is no longer regularly employed by the city will have ceased to be a member of LOPFI, and as a consequence becomes ineligible to serve on the Board. In Opinion 2003-370, I concluded that LOPFI membership of the firefighter/member trustee who was appealing his discharge to the Civil Service Commission had not ceased, on the theory that there had been no final discharge. Id. at 3. The Commission has now upheld the termination, and in my opinion it cannot reasonably be contended that this individual remains employed in covered employment. See A.C.A. §24-10-504(a)(1), supra. He is no longer regularly employed by the city. Consequently, he has ceased to be a member of LOPFI according to the above definitions. This conclusion is in no way impacted by the fact, noted in your request, that he has not requested the return of his accumulated retirement contributions. The statute provides in relevant part that "[i]n the event a member ceases to be a member . . . he or she shall be paid the accumulated contributions standing to his or her credit in the member's deposit account upon his or her written application filedwith the board." A.C.A. § 24-10-613(b) (emphasis added). The fact that he has not applied for the contributions has no bearing on the question of his eligibility as a member trustee.
In reaching this conclusion, I have considered and rejected the possible argument that language in the civil service statutes referring to a court's "final determination" of a case indicates that the firefighter in this instance has not yet been discharged from employment. Arkansas Code Annotated § 14-51-308(f) (Supp. 2003) states as follows:
 In the event that it is finally determined that there was a wrongful suspension, discharge, or reduction in rank of any employee, the employee shall be entitled to judgment against the city for whatever loss he or she may have sustained by reason of his or her suspension, discharge, or demotion, taking into consideration any remuneration which the officer, private, or employee may have received from other sources pending the final determination of his or her case. [Emphasis added.]
While the words "finally determined" and "final determination," standing alone, might suggest that there has been no final discharge decision, I believe this argument is untenable in light of the statute's reference to a "wrongful . . . discharge" and potential loss "by reason of his or her . . . discharge. . . ." This language clearly reflects the fact of discharge. Consistent with this interpretation, the Arkansas Supreme Court has held that there is nothing in the civil service act creating an enforceable expectation of continued employment, and that the act "merely gives employees certain procedural rights surrounding termination. . . ." Dalton v. City of Russellville, 290 Ark. 603, 604,720 S.W.2d 918 (1986).
In my opinion, the reference in A.C.A. § 14-51-308 to the court's "final determination" of the case simply reflects recognition of these procedural rights. It does not mean that the discharged individual's employment continues pending court review. Although the former firefighter in this instance has the right to, in effect, relitigate his case in circuit court,[2] (and thereafter may appeal to the Arkansas Supreme Court), I have found no support for the proposition that his employment continues during the court action. To the contrary, it is my opinion that the discharge has occurred by virtue of the Commission's decision. Accordingly, because the firefighter/member trustee is no longer "regularly employed" by the city, he cannot be an active member of LOPFI and he is considered as having resigned from the Board pursuant to A.C.A. § 24-10-202 (a), supra.
It should be noted, however, that a vacancy was not automatically created when he became ineligible to serve as a member trustee. Rather, a vacancy must be declared by Board resolution pursuant to § 24-10-202. Until the Board does so, he may validly serve under the so-called "de facto" officers doctrine, which recognizes the acts of "who by some color of right is in possession of an office, and for the time being performs its duties with public acquiescence, though having no right in fact." Faucettv. Gerlach, 132 Ark. 58, 200 S.W. 279 (1918). See also generallyChronister v. State, 55 Ark. App. 93, 931 S.W.2d 944 (1996) (explaining the public policy reasons for the "de facto" officers doctrine).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Board membership includes fire fighter and police officer "member trustees" pursuant to A.C.A. § 24-10-201, which requires that such members must be "retired or active members of the system." A.C.A. §24-10-201 (c) (Supp. 2003). The provision for retired members was added by Act 1277 of 2003.
[2] The circuit court case is, in substance, an "original action." SeeDaley v. City of Little Rock, 36 Ark. App. 80, 84, 818 S.W.2d 259
(1991). As the court observed in Daley:
 [A]lthough the transfer from the civil service commission is called an appeal in Ark. Code Ann. 14-51-308 (e)(1), the circuit court proceeding is in the nature of an original action. We think that the substance and intent of the circuit court proceeding is to provide a judicial forum for relitigation of the case.
Id.