WISE v. MARTIN.

| 36 | 305 |
| 61 | 300 |

1. NEW TRIAL: *Bill of Exceptions.*
   Where there is no bill of exceptions this court can not review alleged er-rors of the circuit court during the trial of the cause, either as to matters of law, or the finding of the facts from the evidence.

2. CONTESTED ELECTION: *Issue to be tried by the court: No change of venue.*
   In contested election cases the issue is to be tried by the court and not by a jury, and a change of venue is not authorized.

3. CONTINUANCE: *Affidavit for, must be in bill of exceptions.*
   Unless the affidavit for a continuance be brought upon the record by bill of exception this court will not review the ruling of the court refusing it.

APPEAL from *Jefferson* Circuit Court.
Hon. C. B. NEWMAN, Special Judge.

*Williams & Wise,* for appellant:
Cited act of January 23, 1875, providing for general elections. *Secs.* 67-68, *et seq.*

This case governed by the same rule as to change of venue, as common law cases.

*Met L. Jones,* for appellee:
Discretion of judge in matters of continuance not con-trolled, unless abused. 8 *Ark.,* 119. Case not triable by a

jury and no change of venue proper. *Act of January* 23, 1875, *p.* 114 *of Pamph., sec.* 68 ; *Gantt's Digest*, 4692; 32 *Ark.*, 553.

ENGLISH, C. J.    At the general election of 1878, Zenus L. Wise and Thomas B. Martin were candidates for the office of prosecuting attorney of the eleventh judicial circuit.    Martin was returned elected, commissioned. by the governor, and Wise claiming to have received a majority of the votes, brought suit to contest the election, and for the office, in the circuit court of Jefferson county against Martin, under provisions of the act of January 23, 1875. *Acts of 1875, p. 93.*

After issues of fact were made up by answer to the complaint, and reply, Wise filed an affidavit for a continuance on account of absent witnesses, which was refused.

He then filed a motion for change of venue, which was overruled.

He then claimed a trial by jury, which was denied.

The case was then snbmitted to the court, and upon the evidence introduced, the court found for and rendered judgment in favor of defendant.

Plaintiff filed a motion for a new trial, which was overruled, and he appealed, taking no bill of exceptions whatever.

1. NEW TRIAL: Bill of exceptions.    I.    Whether the court erred, during the trial, in any matter of law, or in finding against appellant on the evidence, we can not know, as he took no bill of exceptions.

2. CONTESTED ELECTION: Issue to be tried by the court.    II.    In a suit of this character, he was not entitled to a trial by jury. (*Gantt's Digest, sec. 4641.*) It was a summary proceeding under the statute to be tried by the court. *Act of January 23, 1875, secs. 67-8, 72-5; Govan v. Jackson, 32 Ark., 553.*

III. Being a case to be tried by the court, and not by a jury, appellant was not entitled to a change of venue. *Acts of 1875, p. 114.* <span style="float:right">No change of venue.</span>

IV. Whether the court abused its discretion in refusing a continuance, on the showing made, is a question not properly before us, as the affidavit for continuance was not brought on the record by bill of exceptions. *Phillips v. Reardon & Son, 7 Ark., 256.* Moreover, the refusal of the continuance was made ground of the motion for a new trial, and no bill of exceptions was taken on the overruling of the motion. <span style="float:right">3. CONTINUANCE: Affidavit for must be in bill of exceptions.</span>

Affirmed.