HOWELL *v.* TODHUNTER.

Opinion delivered March 3, 1930.

PER CURIAM. This is an original petition for a writ of mandamus filed in this court on behalf of W. H. Howell, who is under sentence of death for murder, and is now confined in the State Penitentiary awaiting execution, to compel S. L. Todhunter, as warden of said penitentiary, to summon a jury under the authority given him by § 3251 of Crawford & Moses' Digest to inquire into the sanity of said Howell. The petitioner alleges that Dr. L. R. Brown, State Superintendent of the hospital for nervous diseases, has stated and is of the opinion

that said Howell is now insane. Petitioners further allege that the warden of the penitentiary has already summoned a jury on the 24th day of January, 1930, for the purpose of inquiring into the insanity of said Howell, and that the jury was divided, seven being of the opinion that he was sane and five finding that he was insane. Petitioners allege that said warden has refused to empanel another jury for the purpose of inquiring into the present insanity of said Howell and presenting its finding thereon.

We are of the opinion that we have no jurisdiction in the matter. Under our Constitution, the Supreme Court has a general superintending control over all inferior courts of law and equity: and, in aid of its appellate and supervisory jurisdiction, it has the power to issue remedial writs, including writs of certiorari, *habeas corpus*, mandamus, and others specifically named. Art. 7, § 4, of the Constitution.

In *Ex parte Dame,* 162 Ark. 382, 259 S. W. 754, it was held that the Supreme Court has no authority to supervise or control the action of courts inferior to the circuit court except by reaching back through the decisions of the latter court. The court expressly held that a hearing on *habeas corpus* before a judge is the exercise of judicial power which may be reviewed on certiorari, but that the proper forum to review the exercise of this judicial power by a county judge was in the circuit court and not in the supreme court. Hence we would have no power by writ of mandamus, or otherwise, to review the discretion of the warden of the State Penitentiary under the authority given him by § 3251 of Crawford & Moses' Digest, as construed in the case of *Howell* v. *Kincannon, ante* p. 58.

It does not follow, however, in a case like this that there is no remedy in behalf of an insane prisoner. A suggestion of insanity after conviction and sentence and the lapse of the term at which the defendant was tried only appeals to humanity to have the punishment post-

poned until sanity is recovered. The guilt of the prisoner has already been determined. In *Howell* v. *Kincannon, supra,* this court held that under the provisions of § 3251 of the Digest the warden as custodian of a prisoner sentenced to death, if he has reasonable grounds for believing that the defendant is insane, may summons a jury of twelve persons to inquire into the sanity of said defendant, that this statutory remedy excludes the jurisdiction of the trial court with proceedings of this nature, and that the trial court no longer has jurisdiction in the proceeding to inquire into the insanity of the prisoner after sentence.

In a proper case, however, the circuit court of the county where the State warden holds such prisoner would have jurisdiction to review the action of the warden according to the practice laid down in *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041, and other cases.

This brings us to a consideration of the question, whether the facts alleged in the petition call for the exercise of jurisdiction by the circuit court. It will be observed that § 3251 provides that, when the custodian of the prisoner is satisfied that there are reasonable grounds for believing that the defendant is insane, he may summons a jury of twelve persons to inquire into the present insanity of the defendant. This does not mean that there shall be such an inquisition merely on the suggestion of the insanity of the defendant. If it were true that a suggestion of insanity, after the death sentence had been pronounced, created on the part of the convicted person an absolute right to an inquisition for insanity, it would be within the power of the convicted person, or his friends, to indefinitely delay the execution of the sentence of death by repeated suggestions of insanity, followed by inquisitions in each instance. Hence the statute has given the custodian of the prisoner a discretion in the matter, and he is only required to act when he thinks there are reasonable grounds for believing the prisoner to be insane.

253

In the present case, however, the allegations of the petition show that the warden has already acted in the matter under the provisions of § 3251 of the Digest, and that the jury were divided in opinion as to whether the defendant was insane or not. The warden of the Penitentiary by acting in the premises declared that he had reasonable grounds for believing that the defendant was insane, and it became his duty to impanel another jury for the purpose of securing a verdict on the question.

We have gone thus fully into the practice in the matter, because our law in the interest of humanity does not allow an insane person to be executed, and because of the public interest in the matter. For the reasons above given, however, the writ of mandamus in this court will be denied.