CIVIL SERVICE COMMISSION OF VAN BUREN *v.* MATLOCK.

4-6953                                        168 S. W. 2d 424

Opinion delivered February 15, 1943.

*R. S. Wilson*, for appellant.

*Finis F. Batchelor*, for appellee.

ROBINS, J. The civil service commission, the mayor, and city council of Van Buren, Arkansas, have appealed from a judgment of the circuit court of Crawford county by which the court annulled an order of the civil service commission of Van Buren reducing the appellee, Rufus Matlock, from the rank of chief of police to the rank of patrolman.

The civil service regulations provided for by §§ 9945 to 9964, inclusive, of Pope's Digest of the statutes of Arkansas were adopted by vote of the electors of Van Buren, and were duly put into effect by ordinance of the city council. On June 3, 1942, charges of general inefficiency and neglect of duty were preferred against the appellee before the civil service commission by the mayor and city council of Van Buren. At the hearing before the commission eighteen witnesses on behalf of the mayor and city council and nine witnesses on behalf

of the appellee testified. On this testimony the commission determined that the charges were sustained by the evidence and made an order demoting the appellee from the position of chief of police to that of patrolman. From this order appellee duly prayed an appeal which was granted, and a transcript of the documents filed with the civil service commission, but not containing the testimony heard by the commission, was filed in the office of the circuit clerk. In the circuit court, the appellants moved to dismiss the appellee's appeal on the ground that the portion of the statute providing for a *de novo* trial on appeal was unconstitutional for the reason that the proceeding had before the commission was an administrative one and not a judicial one of which the courts might take jurisdiction. It was also set forth in appellants' motion to dismiss "that even if the word appeal should be construed as granting a right in the nature of *certiorari* the review can not be conducted as a trial *de novo*." The lower court overruled this motion, and, over the objection of the appellants, empaneled a jury to hear the matter. The appellants introduced no testimony whatever. Certain witnesses were introduced by the appellee, appellants making specific objection to the testimony of each of these witnesses. The jury returned the following verdict: "We, the jury, find for the defendant, Rufus Matlock." On this verdict the court entered a judgment to the effect that the order of the civil service commission "be not sustained," and from that judgment the civil service commission and mayor and city council have appealed.

It is first urged by appellants that the provisions of § 9949 of Pope's Digest authorizing an appeal to the circuit court from a finding of a civil service commission are unconstitutional for the reason that an attempt is made thereby to confer administrative powers and duties upon the courts. But the remedy provided by the legislature for one aggrieved, as the appellee was, by an order of the civil service commission after all is simply an opportunity to obtain restoration to his office by a judicial proceeding. Unquestionably the remedies afforded by writ of *quo warranto* or of *certiorari*, either

of which might have been pursued in the absence of a statutory remedy, are judicial proceedings. The legislature might have provided for the bringing of an original suit in the circuit court in order to afford the aggrieved party judicial redress from an unjust decision of the civil service commission, and the fact that the legislature saw fit to authorize such proceeding by way of appeal from the order of the civil service commission does not make such proceeding any the less a judicial one. Under our constitution, art. VII, § 11, the circuit court is made the reservoir of all judicial powers not vested elsewhere. The legislature had the right, in authorizing a civil service commission, to vest in the circuit court the power to review judicially, either by way of original proceeding or by way of appeal, the action of the commission. In the case of *Missouri Pacific Railroad Company* v. *Conway County Bridge District,* 134 Ark. 292, 204 S. W. 630, the court had under consideration an appeal to the circuit court by a taxpayer from the action of a board of commissioners in fixing the assessment of benefits for the district under the provisions of the special act of the General Assembly creating the district, and the contention was made that, since the circuit court acted in an administrative, not a judicial, capacity in reviewing the assessment, no appeal to the supreme court from the judgment of the circuit court would lie. But this court overruled this contention, and, in describing the function of the circuit court as to the appeal in that case, said: ''The circuit court acts in a judicial, and not in an administrative, capacity.'' We conclude, therefore, that the provisions of § 9949 of Pope's Digest, authorizing the appeal and hearing in circuit court, are not void.

The legislature had the power to prescribe the mode of procedure on such appeal, and by an analysis of that part of § 9949 authorizing the proceeding in circuit court it appears that it was the intention of the legislature, in providing for this appeal, to require that the testimony taken before the civil service commission be heard and considered by the circuit court along with any additional testimony that either party might offer. The

language of the statute is that in the circuit court "the parties to such appeal may introduce any further or other evidence that they may desire." The phrase "further or other evidence" could mean nothing else but testimony in addition to that heard at the hearing before the civil service commission, and indicates clearly that the legislature intended that the testimony taken before the civil service commission should be brought into the record for the trial in circuit court. By construing the statute otherwise we would fail to give full meaning to the entire language of the act. While the act does not provide how or by whom the testimony taken before the commission shall be produced in circuit court, the logical inference is that the party appealing from the order of the commission should bring up this testimony, duly authenticated by the commission, or otherwise shown to be the testimony, along with the remainder of the record in the case.

The appellants also urge that the lower court erred in submitting this case to a jury. This contention is well founded. The constitutional guarantee of a jury trial extends only to common-law actions, and, of course, the proceeding authorized by the act of the legislature under consideration here is not a common-law proceeding, and neither party to such a proceeding was entitled to a jury. "The right of trial by jury shall . . . extend to all cases at law." Article II, § 7, constitution of Arkansas. In construing this provision of the constitution this court, in the case of *Drew County Timber Company* v. *Board of Equalization,* 124 Ark. 569, 187 S. W. 542, said that the right of trial by jury *"is confined to cases which at common law were so triable before the adoption of the constitution."* *State* v. *Johnson,* 26 Ark. 281; *Wheat* v. *Smith,* 50 Ark. 266, 7 S. W. 161; *Wise* v. *Martin,* 36 Ark. 305; *Missouri Pacific Railroad Company* v. *Conway County Bridge District,* 134 Ark. 292, 204 S. W. 630.

The appellants had a right, under the law, to have this case heard and determined by the court, and not by a jury, and the lower court erred in submitting the case, over the objection of the appellants, to the jury for trial.

For the errors indicated, the judgment of the lower court is reversed with directions that a new trial, before the court, be granted, and that said new trial shall be had upon the record of the proceeding before the civil service commission, including the evidence there adduced, and upon such other competent and relevant evidence as may be offered by either of the parties.

CARTER, J., (dissenting). In my opinion the appellee was not entitled to a trial *de novo* in the circuit court.

The municipal civil service commission is an administrative body. It is not a judicial body. The attempt on the part of the Legislature to provide a trial *de novo* in the circuit court on appeal from an action of this administrative body, on which trial the circuit court can substitute its judgment for that of the civil service commission, is an unauthorized attempt to impose non-judicial functions upon the court.

The Constitution of this state, in § 1 of art. IV, provides that the powers of the state government shall be divided in three distinct parts, each of them to be confided to a separate body; those which are legislative to one, those which are executive to another, and those which are judicial to another.

Section 2 of art. IV of the Constitution provides that no person or collection of persons, being one of these departments, shall exercise any power belonging to either of the others.

The Civil Service Commission is not a judicial body. It is executive or legislative. No judicial body can be created other than those provided for in the Constitution, and the Constitution does not provide for any such a judicial body as the Civil Service Commission.

It has been held by high authority that an attempt to foist non-judicial functions upon the courts is void.

In the case of Re *Harold Fredericks, et al.*, 285 Mich. 262, 280 N. W. 464, 125 A. L. R. 259, the Michigan court had before it a civil service statute very similar to the Arkansas statute. The Michigan court held that the decision of a civil service commission removing an officer for cause was not a judicial action and is not sub-

ject to review by the courts on appeal; that the attempt on the part of the Legislature to permit a review on appeal was unconstitutional.

The Illinois court reached the same conclusion in the case of *City of Aurora* v. *Shoeberlein,* 230 Ill. 496, 82 N. E. 860. The Wisconsin court reached a similar result in the case of *Clancy* v. *Board of Fire & Police Commissioners of Milwaukee,* 150 Wis. 630, 138 N. W. 109.

The United States Supreme Court has repeatedly held that similar attempts on the part of Congress to vest in the Supreme Court the right on appeal to substitute its judgment for that of an administrative tribunal are void as attempts to vest in the court powers other than judicial powers. One illustration of this is in the case of *Federal Radio Commission* v. *General Electric Co.,* 281 U. S. 464, 50 S. Ct. 389, 74 L. Ed. 969. The federal statute there authorized an appeal from the decisions of the Federal Radio Commission and authorized the court on such appeal to hear additional evidence and to "alter or revise the decision appealed from and to enter such judgment as to it may seem just." The United States Supreme Court held that the decision to be reached on such an appeal was not, under the statute, a judicial decision, but was that of a revising administrative agency and that such a judgment was not reviewable by the Supreme Court.

The federal statute was thereafter amended so as to limit the court review to questions of law and to provide that findings of fact made by the commission should be conclusive if based on substantial evidence and if not arbitrary or capricious. U.S.C.A., Title 47, § 96.)

In the later case of *Federal Radio Commission* v. *Nelson Brothers,* 289 U. S. 266, 53 S. Ct. 627, 77 L. Ed. 1166, 89 A. L. R. 406, the Supreme Court held that a court review under the amended statute was judicial and not administrative and that such a decision could be reviewed by the Supreme Court.

In my opinion, the only review in a court which can be constitutionally provided for actions of a civil service

commission is a review limited to questions of law, such as whether the commission proceeded within the scope of its statutory authority and followed the procedure provided by law and whether the finding of the commission is supported by substantial evidence and is not arbitrary or capricious.

I do not believe that either the circuit court or this court can be constitutionally authorized to substitute its judgment for that of the commission or to alter or revise the decision of the commission or to enter such judgment as the court might have entered if it had been trying the case in the first place.

For these reasons, I believe that the judgment appealed from should be reversed and remanded for such further proceedings as might be proper to afford to the appellee a strictly judicial review of the order of the civil service commission along the lines above indicated. In *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S. W. 1041, the action of an administrative board was reviewed on certiorari. The opinion in that case states the scope of what I regard as the limits of a judicial review of such actions.