Theodore JONES et al *v.* W. C. REED et al

79-168                                              590 S.W. 2d 6

Opinion delivered December 3, 1979
(In Banc)

238

Appellant, *pro se*.

*Robert R. Cortinez* and *John W. Bailey,* for appellees.

JOHN A. FOGLEMAN, Justice. This an appeal from the judgment of the circuit court affirming the decision of the Alcohol Beverage Control Board (hereafter called Board) transferring a private club mixed drink permit held by VFW Post 9095 from one address or location to another in Little Rock. Since appellants have not demonstrated error in the circuit court proceedings and judgment, we must affirm.

The proceeding was commenced by the filing of an ''Affidavit of Transfer'' by ''W. C. Reed, VFW Post 9095'' on May 18, 1978. It was actually an application for the transfer of ''Retail Liquor Permit No. 233'' from 7300 West 12th Street in Little Rock to 1211 Gamble Road in the same

city. It was alleged in that application that the premises to which the transfer was sought were owned by VFW Post 9095. On June 28, 1978, appellants and others alleged to be 294 in total number, filed a petition with the Board opposing the transfer. On July 11, 1978, a hearing was held before a hearing officer on the transfer application. The report of the hearing states that it was held on the applications of VFW Post 9095 and W. C. Reed, its managing agent, for a transfer of location of "On Premise Consumption, Private Club, Permit #233 and Retail Beer Permit #3990." On July 18, 1978, Karen Jones, Director of Alcoholic Beverage Control Division, denied the application for transfer. That decision was appealed to the Board. At a hearing held by the Board on October 18, 1978, the decision of the Director was reversed and the transfer granted.

On November 14, 1978, Theodore Jones, J. L. Herring and Gerold Grigsby, appellants here, filed a petition for judicial review in the circuit court. The circuit court's judgment affirming the Board's decision was entered January 29, 1979. Appellants list eight points for reversal. They are:

I

THE COURT ERRED IN FINDING THAT A FULL AND COMPREHENSIVE HEARING WAS CONDUCTED BY THE ALCOHOLIC BEVERAGE CONTROL AS EVIDENCED BY THE TRANSCRIPT AND EXHIBITS FILED HEREIN.

II

THE COURT ERRED IN CONCLUDING THAT SUCH MATTERS PERTAINING TO PRIVATE CLUBS ARE PROVIDED FOR ONLY IN ACT 132 OF 1969.

III

THE CIRCUIT COURT ERRED WHEN IT CONCLUDED AS A MATTER OF LAW TO WIT: "2. ACT 189 OF 1973 (48-311 ARK. STATS. ANN.)

SPECIFICALLY STATES THAT IT AMENDS "SECTION 7 OF ARTICLE 3 OF ACT 108 OF 1935, AS AMENDED," WHICH IS THE THORNE LIQUOR ACT, AND THE COURT HELD IN *HINTON* V. *STATE* (242 ARK. 341) "THAT THE THORNE LIQUOR ACT, ACT 108 OF 1935, AS AMENDED DOES NOT COVER ISSUANCE OF PRIVATE CLUB PERMITS." THEREFORE, 48-311 ARK. STATS. ANN. DOES NOT APPLY.

IV

THE COURT ERRED WHEN IT CONCLUDED AS A MATTER OF LAW, TO WIT: 3. "THAT ACT 132 OF 1969 DOES NOT SET OUT ANY METHOD OF APPEAL FROM ISSUANCE OF A PERMIT BY ALCOHOLIC BEVERAGE CONTROL FOR LICENSES TO PRIVATE CLUBS; THEREFORE, APPEALS MUST BE TAKEN UNDER ARK. STATS. ANN. 5-701 ET SEQ WHICH IS THE ADMINISTRATIVE PROCEDURE ACT."

V

THE COURT ERRED IN DEPRIVING APPELLANTS TRIAL DE NOVO BY JURY AND JUSTIFYING ITS JUDICIAL REVIEW BY CITING IN ITS ORDER: "4. IN 5-713 ARK. STATS. ANN. SUBPARAGRAPH (g) IT IS PROVIDED "THE REVIEW SHALL BE CONDUCTED BY THE COURT WITHOUT A JURY AND SHALL BE CONFINED TO THE RECORD, EXCEPT THAT IN CASES OF ALLEGED IRREGULARITIES IN PROCEDURE BEFORE THE AGENCY, NOT SHOWN IN THE RECORD, TESTIMONY MAY BE TAKEN BEFORE THE COURT."

VI

THE COURT ERRED IN SUSTAINING AND AFFIRMING THE ALCOHOLIC BEVERAGE CONTROL "BOARD DECISION" GRANTING

APPELLEE W. C. REED PRIVATE CLUB PERMIT NO. 233, RETAIL BEER PERMIT NO. 3990 AND TRANSFER OF LOCATION.

## VII

THE COURT ERRED IN AFFIRMING THE ALCOHOLIC BEVERAGE CONTROL BOARD'S DECISION PERMITTING PRIVATE CLUBS ON PREMISES DISPENSING AND CONSUMPTION OF ALCOHOLIC BEVERAGE WITHIN 200 YARDS OF A CHURCH.

## VIII

THE COURT ERRED IN AFFIRMING THE DECISION OF THE A.B.C. BOARD IN THAT THE "BOARD DECISION" FAILED TO MAKE EXPLICIT AND CONCISE FINDINGS OF FACTS AND CONCLUSIONS OF LAW SEPARATELY STATED AS MANDATED IN 5-710 ARK. STATS. ANN.

## I

Appellants contend that their witnesses were not heard by the Board. They cite Ark. Stat. Ann. § 5-708 (c) (Repl. 1976), which provides that in every case of adjudication by an agency subject to the provisions of the Arkansas Administrative Procedure Act (as the Board is, see *Byrd* v. *Jones,* 263 Ark. 406, 565 S.W. 2d 131) opportunity shall be afforded all parties to present evidence and argument on all issues involved. Appellants complain that the Board failed to comply with this provision by refusing to hear five or six witnesses they planned to call at the hearing before the Board, and by denying their offer of witnesses to prove variances from the truth in the Alcoholic Beverage Control Report submitted on June 7, 1978, by A. D. Evans, an agent of the Board.

Appellant Theodore Jones was spokesman for those objecting to the transfer. The chairman of the Board asked

him how many witnesses he planned to call. When Jones responded "five or six," the chairman asked Jones if he knew what the witnesses would testify and the general nature of their testimony. The following exchange between the chairman and Jones ensued:

> T. Jones: "I propose to show that a number of the people actually attend this church regularly. Have regularly attended this church in the past on a regular basis, that's one of the things. Would you stipulate to that?"

> Ratton: "I think we would so stipulate. How many of these people have attended this church regularly on a weekly basis?"

> Bailey: "That'd be five."

> Ratton: "All right sir. We will so stipulate that there's five people who regularly, conscientiously attend that church for the services."

Jones later stated, "We have five, acting, participating members in our church" and that he was the operator of a junkyard on the premises where the church was located.

One of the grounds of objection by apellants was that the proposed "liquor outlet" was too close to a church. Since the Board accepted Jones' statement as to the testimony of these witnesses, appellants were not prejudiced by this action of the Board, which is admonished to exclude unduly repetitious evidence. See Ark. Stat. Ann. § 5-709 (d) (Repl. 1976). Appellants' spokesman did not state anything that these witnesses would testify other than the matters set out above.

Appellants contend that on another occasion, they were denied the opportunity to present witnesses to prove variances from the truth in the Alcoholic Beverage Control Report. We cannot consider this argument because the abstract of the record does not reveal what witnesses were to be called, what "variances from the truth" there were in the report, or any statement pertaining to the testimony these

witnesses might have given. Actually the abstract does not show anything pertaining to a denial of the right of appellants to present evidence, other than that pertaining to the church. We can only rely upon the abstract of the record, as it constitutes the record on appeal. *Corning Bank* v. *Bank of Rector,* 265 Ark. 68, 576 S.W. 2d 949.

Appellants have failed to sustain this point or to demonstrate any violation of the equal protection and due process requirements of the Fourteenth Amendment to the United States Constitution which they assert in their argument on this point. We also note that the abstract of appellants' petition for review of the Board's action did not raise any issues as to violations of the United States Constitution.

## II

Appellants' argument on this point is totally devoid of any foundation. Act 132 of 1969 [Ark. Stat. Ann. §§ 48-1401 — 48-1418 (Repl. 1977)] is a comprehensive act covering the subject of sale of alcoholic beverages for "on premises consumption." It includes a section (§ 10) governing private club permits. See Ark. Stat. Ann. § 48-1410 (Repl. 1978). Appellants read the preamble and §§ 1 and 12 of the act to require the application of Ark. Stat. Ann. § 48-311 (Repl. 1977) to private club permits. That part of the preamble quoted by appellants reads:

> AN ACT to Reaffirm and Strengthen the State's Policy of Strict Enforcement of the Liquor Laws of This State; ***** to Provide for the Licensing of Private Clubs in Which Alcoholic Beverages May Levy· Taxes on Alcoholic Beverages Sold for On-Premises Consumption; to Authorize Cities and Counties to Levy Taxes and Fees Thereon; and for other Purposes.

The portions of § 1 relied upon by them are:

> The General Assembly hereby reaffirms the policy of this State of strict enforcement of alcoholic beverage control laws ***** The General Assembly hereby authorizes and directs all law enforcement officials to en-

force strictly the alcoholic beverage laws of this State.

Section 12 of the act reads:

> *"The Board is authorized to adopt and enforce reasonable rules and regulations governing* the qualifications for permits hereunder, *the operation of licensed premises,* and otherwise *implementing and effectuating the provisions and purposes of this Act, and,* in doing so, *shall be guided,* insofar as pertinent, *by rules and regulations now or hereafter applicable to retail liquor outlets. Nothing in this Act, however, shall be construed as limiting the power of other proper State or Local Governmental Bodies to regulate the operation of establishments under this Act* as may be necessary for the protection of public health, welfare, safety, and morals." (Emphasis as supplied by appellants.)

A policy declaration that liquor laws should be strictly enforced certainly is not a legislative declaration requiring the application of all existing statutes governing intoxicating liquor permits to the "on-premises consumption" type of permit. The direction by the General Assembly that the Board, in adopting rules and regulations governing qualifications for permits and otherwise implementing and effectuating the purposes of the acts, be guided by rules and regulations applicable to retail liquor licenses, "insofar as pertinent" does not require such application. Although the words "rules and regulations" might include statutes, depending upon the context in which they are used, in the usual connotation, these words do not. Ordinarily, these words are taken to mean rules and regulations adopted by administrative boards and agencies such as the Board. In the context in which these words were used in Act 132, they mean just that — the rules and regulations of the Alcoholic Beverage Control Board. Furthermore, the rules and regulations governing retail liquor outlets were, by express language of § 12, to serve only as guidance to the Board and then only "insofar as pertinent."

We do not understand appellants' argument that § 13 of Act 132 bears on this point. It is quite true that this section

does, as appellants point out, give the Director the power to suspend, cancel or revoke a permit granted under the act for violation of the act or any rule, regulation or order of the Board. It does not, as appellants' excised quotation of the section would indicate, authorize any law enforcement agency having jurisdiction over the permitted premises to do so. Such an agency, under this section, may only make a complaint to the Director. The section also, by its specific language, requires that a permittee under the act be given an opportunity to appear and defend as provided by Ark. Stat. Ann. § 48-1312 (Repl. 1977) prior to suspension, cancellation or revocation of his permit, and to appeal under the provisions of Ark. Stat. Ann. §§ 48-1314, -1316 (Repl. 1977) from an order of the Director suspending, cancelling or revoking his permit. These provisions making specific reference to specific statutes, or sections thereof, actually run counter to, rather than support, appellants' argument on this point.

Ark. Stat. Ann. § 48-311 (D) was brought into the statutory scheme by § 1 of Act 189 of 1973, which amended § 7 of Art. III of Act 108 of 1935, commonly referred to as the Thorne Liquor Law. That article dealt with the permits authorized under the Thorne Liquor Law, Subsection (A) of said § 7, which is also subsection (A) of Ark. Stat. Ann. § 48-311 refers to permits "under this act." "This Act" was Act 108 of 1935, which is compiled as Ark. Stat. Ann. §§ 48-101, -48-122, -48-201, -48-206, -48-301, -48-305, -48-309, -48-311, -48-326, -48-807, -48-822, -48-908, -48-937, -48-944 (Repl. 1977). See Compiler's notes Ark. Stat. Ann. §§ 48-311 and 48-301. It appears that § 48-311 (E) would apply to permits under those sections only. Act 132 of 1969 is not, in any sense of the word, an amendment of Act 108 of 1935. Instead, it is a comprehensive act dealing only with the sale or dispensing of alcoholic beverages for "on-premises consumption." We find no error in the trial court's holding that Ark. Stat. Ann. § 48-311 (E) does not apply.

### III

Appellants' argument here is, in part, repetitive of their argument under Point II. In addition, however, they say that

the circuit court reached its conclusion that Ark. Stat. Ann. § 48-311 did not apply to private club permits upon a misquotation of language in our opinion in *Hinton* v. *State*, 246 Ark. 341, 438 S.W. 2d 57. We actually do not see that our decision in *Hinton*, rendered prior to the enactment of Act 132 of 1969, has any real bearing on the questions at issue.

## IV

Appellants are in error in relying upon § 13 of Act 132 of 1969 in arguing this point. Section 13 applies only to appeals from an order of the Director suspending, cancelling or revoking a permit issued under Act 132. It has nothing to do with appeals from orders of the Board granting a transfer of the location of an outstanding permit. In granting the transfer, there was certainly an adjudication by an agency subject to the Arkansas Administrative Procedure Act. It appears from the format of appellants' Petition and Appeal filed in the circuit court that they did petition for judicial review pursuant to Ark. Stat. Ann. § 5-713 (Supp. 1979), which would govern in this case. In any event, appellants have not shown that the holding of the trial court deprived them of any right they would have had under Ark. Stat. Ann. §§ 48-1312, -1314, and -1316 (Repl. 1977). It appears to us that the review by both the Board and the circuit court was in substantial compliance with these statutes, as well as with the provisions of the Administrative Procedure Act.

## V

Appellants argue, however, that, even if the Administrative Procedure Act applies, they were entitled to a jury trial under Ark. Stat. Ann. § 48-311 (E) (Repl. 1977) and Art. 2 § 7 of the Arkansas Constitution as amended by Amendment 6, and by the United States Constitution's guarantees of trial by jury, due process of law and equal protection of the law. In relying upon Ark. Stat. Ann. § 48-311, appellants point out that§ 5-713 (A) provides that the Administrative Procedure Act does not limit other means of review provided by law.

The statutory language in § 48-311 relied upon by appellants is:

*** Any appeal from an order of the Director or Commission shall be made to the circuit court of the county in which the premises are situated, and said appeal shall be tried de novo.

Assuming, but not deciding, that this statutory provision did apply, "trial de novo" certainly does not require a jury trial. For example, on appeals from chancery courts, there is a trial de novo on appellate review, but certainly no right to jury trial. Trial de novo, as used in this statute, simply means that the whole matter is opened up for consideration by the circuit court as if the proceeding had been originally brought in that court. See *Civil Service Commission* v. *Matlock*, 206 Ark. 1145, 178 S.W. 2d 662. Appellants' contentions as to a constitutional right to jury trial were completely answered in *Civil Service Commission* v. *Matlock*, 205 Ark. 286, 168 S.W. 2d 424. There we held that it was error for the circuit court to submit an appeal from the action of a civil service commission to a jury. There we said:

*** The constitutional guarantee of a jury trial extends only to common law actions, and, of course, the proceeding authorized by the act of the legislature under consideration here is not a common law proceeding, and neither party to such a proceeding was entitled to a jury. "The right of trial by jury shall *** extend to all cases at law." Article II, Section 7, constitution of Arkansas. In construing this provision of the constitution this court, in the case of *Drew County Timber Company* v. *Board of Equalization,* 124 Ark. 569, 187 S.W. 542, said that the right of trial by jury *"is confined to cases which at common law were so triable before the adoption of the Constitution". State* v. *Johnson,* 26 Ark. 281; *Wheat* v. *Smith,* 50 Ark. 266, 7 S.W. 161; *Wise* v. *Martin,* 36 Ark. 305; *Missouri Pacific Railroad Company* v. *Conway County Bridge District,* 134 Ark. 292, 204 S.W. 630.

The constitutional right to trial by jury does not secure the right in all possible instances, but only in those cases in which it existed when our constitution was framed; it extends only to the trial of issues of fact in civil and criminal

causes and has no relation to cases such as this. *McKinley v. R. L. Payne & Son Lumber Co.,* 200 Ark. 1114, 143 S.W. 2d 38.

As pointed out in *Matlock* and elsewhere, the so-called statutory "appeal" from administrative agency action is only an adaptation, or perhaps extension, of judicial review of such proceedings which has always been available by certiorari, quo warranto, or other such writs. It has been made quite clear, by our own decisions that the proceedings of a state *administrative board* or tribunal are subject to review on certiorari or other extraordinary writ in the *circuit court,* a court of general original jurisdiction, when the board acts in a *quasi-judicial capacity,* even in the absence of a statutory authorization. *Hall* v. *Bledsoe,* 126 Ark. 125, 189 S.W. 1041; *Howell* v. *Todhunter,* 181 Ark. 250, 25 S.W. 2d 21; *Pine Bluff Water & Light Co.* v. *City of Pine Bluff,* 62 Ark. 196, 35 S.W. 227; *State* v. *Railroad Commission,* 109 Ark. 100, 158 S.W. 1076. See Parker, *Administrative Law in Arkansas,* 4 Ark. L. Rev. 107, 120; Davis, *Mandamus to Review Administrative Action in Arkansas,* 11 Ark. L. Rev. 351, 352; *Certiorari in Arkansas,* 17 Ark. L. Rev. 163, 169, 172.

Amendment Seven of the United States Constitution preserves the right to jury trial which existed at common law when that amendment was adopted, but has no application to a statutory proceeding which is not in the nature of a suit at common law. *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.,* 301 U.S. 1, 57 S. Ct. 615, 81 L. Ed. 893 (1936). This proceeding is, of course, a statutory proceeding which is not in the nature of a suit at common law. The Seventh Amendment is generally inapplicable in administrative procedures, where jury trial would be incompatible with the whole concept of administrative adjudication. See *Pernell* v. *Southall Realty,* 416 U.S. 363, 94 S. Ct. 1723, 40 L. Ed. 2d 198 (1974) and cases there cited. The United States Supreme Court has generally taken the position that Amendment Seven, even after the adoption of the Fourteenth Amendment, does not apply in civil actions in state courts. See Annot., 18 L. Ed. 2d 1388, 1410.

## VI

This argument is based partially upon the assumption that appellants are correct in their assertions under points II, III and IV. Appellants, however, seek to apply regulations of the Board pertaining to applications for a permit. This was not an application for a permit. It was only an application for a transfer of the location. The regulations relied upon by appellants do not apply to a change of location, which is covered by § 1.26 of the Regulations of the State of Arkansas Department of Finance and Administration, Division of Alcoholic Beverage Control, Revised October 9, 1974. Even though the document which appears in the record is entitled ''Affidavit of Transfer,'' it also constitutes an application to transfer Retail Liquor Permit No. 233. Appellants say, however, that there was no application for change in location of either a private club permit or a beer permit, but that the Board's order permits both.

It is clear, however, that appellants made their objection to a private club permit for dispensing any kind of alcoholic beverages at the new location. It is also clear that the agency hearings were held on the proposed change of location of both the private club and beer permit. Appellants appeared at, and participated in, those hearings. We find no objection to the hearings on the change of location because of deficiencies in the application. We find nothing in appellants' petition in the circuit court raising any question about the validity or sufficiency of the application. This issue is raised for the first time on appeal. We do not consider such questions, but we point out that it is clear that appellants were not misled and that the hearings covered both the private club permit and the beer permit.

## VII

Appellants contend that the oral testimony at the Director's hearing was not included in the transcript and that it would disclose that Gibralter Heights Church of God was located across the street from the proposed new location, and regularly holding church services worshipping God there. Actually, it appears to us that the hearing before the

Board is a hearing de novo and that the evidence before the Director is not automatically before the Board. In any event, if there is any deficiency in the record before us, it was the responsibility of appellants to take steps for correction of these deficiencies. *Arkansas Farmers Association* v. *Towns,* 232 Ark. 997, 342 S.W. 2d 83; *Arkansas State Highway Com'n.* v. *Stupenti,* 222 Ark. 9, 257 S.W. 2d 37.

Appellants claim that the Board stipulated that a church existed across the street and that the transfer was unlawful because of the provisions of Ark. Stat. Ann. § 48-312 and § 1 of Act 699 of 1975 [Ark. Stat. Ann. § 48-345 (Repl. 1977)] prohibiting any new permit within 200 yards of any church.

Ark. Stat. Ann. § 48-312 was § 8 of Art. III of Act 108 of 1935. It provides that a permit issued pursuant to that section shall not be transferrable to any premises other than those for which it was issued. Assuming but not deciding that this section applies to a private club permit, we have held that it limits only the action of the permittee, not the action of the Board. *Smith* v. *Estes,* 259 Ark. 337, 533 S.W. 2d 190.

Section 1 of Act 699 of 1975 does not apply here. It prohibits the issuance of a new permit to engage in the retail liquor business at a location situated within 200 yards of a church. A retail liquor business is that which is contemplated by Ark. Stat. Ann. § 48-309 (Repl. 1977). Under such a permit, one may dispense vineous or spiritous liquors for beverage purposes at retail, but such sales must be in unbroken packages, which may not be opened or any part of its content consumed on the premises where purchased. On the other hand, a private club permit is for dispensation of alcoholic beverages by the drink or in broken or unsealed containers for consumption on the premises. Ark. Stat. Ann. §§ 48-1402 (f), -1410 (a) (Repl. 1977). Furthermore, the definition of "private club" in Ark. Stat. Ann. § 48-1402 (j) is not consistent with the word "business." A private club permittee simply is not engaged in the retail liquor business in the context of Ark. Stat. Ann. § 48-345.

## VIII

Appellants state that the Board did not comply with

Ark. Stat. Ann. § 5-710 (b) as to findings of fact and conclusions of law, in the following particulars:

1. The Board stipulated to a church located across the street from the permitted premises but in its decision stated "there purports to be a church" and "from the grounds on which the purported place of worship."

2. There is not a single law citation or conclusion of law stated.

Appellants made no complaint about this deficiency in their petition in the circuit court. Appellants did not choose to abstract the Board's decision in their original brief. They attempted to supply the deficiency in their reply brief. This is not permissible. *Merritt* v. *Merritt,* 263 Ark. 432, 565 S.W. 2d 603.

By their action, appellants have waived their present contention. Although this court may raise the question on its own motion, we are not required to search the record in order to do so. We would add that, although the "decision" set out in appellants' reply brief falls far short of being a model of compliance with the Administrative Procedure Act, it is not so deficient as to be totally void. Since the principal objection of appellants, though not the only one, related to the distance of the private club from the church of which appellant Theodore Jones was the minister, we do not feel that we are called upon to remand this case for further findings and conclusions at this time in view of the circumstances prevailing here.

Since appellants have failed to demonstrate error in the circuit court's review, the judgment is affirmed.

HARRIS, C.J., and BYRD and PURTLE, JJ., did not participate.