The Honorable Jerry Bookout State Senator P.O. Box 415 Jonesboro, AR 72401
Dear Senator Bookout:
This is in response to your request for an opinion on whether certain hiring procedures of the Jonesboro Police Department are consistent with the civil service laws of Arkansas. You state that the usual procedure is for all applicants to be tested and ranked on an eligibility list, from which the appointment is ultimately made. However, you indicate that in the case of "lateral transfers," all applicants are not being required to go through the testing process. You have asked for my opinion on the following two questions:
 (1) Is the procedure outlined above for hiring `lateral transfers' legal, i.e., is it consistent with the laws pertaining to civil service in Arkansas?
 (2) If the procedure is illegal, may the police department nevertheless retain those `lateral transfers' who were hired in accordance with the illegal procedure?
While I am somewhat unsure of what is meant by the term "lateral transfer," I assume that you are referring to the transfer of someone from either within or without the police department, to a position of like rank and pay within the department. I also assume that the transferee is not one of the top three persons on a current eligibility list for the position being filled.
With regard to your first question, it must be noted initially that A.C.A. § 14-51-310 (1987) prohibits transfers between departments affected by the civil service laws governing police and fire departments. This section would appear to prohibit "lateral transfers" between departments without the competitive examination mandated by the civil service laws. Depending upon the particular fact situation involved, it may prohibit the "lateral transfers" referred to in your request. Even with respect to "lateral transfers" not governed by § 14-51-310, however, it is my opinion that the procedure you describe as being followed by the Jonesboro Police Department is, in all likelihood, inconsistent with the civil service laws of Arkansas.
The civil service laws governing police and fire departments of cities of the first class, codified at A.C.A. §§ 14-51-101 to -311 (1987 and Cum. Supp. 1991), clearly contemplate appointment and promotion to department positions being made on the basis of competetive examination. Even a "lateral transfer" would, in my opinion, constitute an appointment. While, for promotion purposes at least, competitive examination may include the consideration of factors such as length of service and educational qualifications, see A.C.A. § 14-51-301(b)(9)(A), all applicants for appointment or promotion must be compared and an eligibility list created, on which the applicants are ranked. See A.C.A. §§14-51-301(b)(4)(A) and 14-41-301(b)(9)(A) (Cum. Supp. 1991). The three individuals ranked highest on the eligibility list, which is effective for one year, must be certified to the head of the department in question, who shall then select one of those three for the appointment or promotion. A.C.A. § 14-51-301(b)(6) (Cum. Supp. 1991).[1] While vacancies do not have to be filled from within the department, it appears that applicants from outside the department should be tested in the same manner as all department applicants and ranked on the eligibility list. SeeAmason v. City of El Dorado, 281 Ark. 50, 661 S.W.2d 364
(1983).
The only two exceptions to the testing requirements set out above appear to be those found in A.C.A. §§ 14-51-301(b)(8)(A) (Cum. Supp. 1991) and 14-51-307 (1987). The former section provides for the appointment of temporary employees without examination in cases of emergency. However, such temporary employment must be with the consent of the commission and is limited to sixty days, in the absence of grave danger as determined by the commission. A.C.A. § 14-51-301(b)(8)(B) (Cum. Supp. 1991). The latter section provides:
 In the case of a vacancy in a position requiring peculiar or exceptional qualifications of a scientific, professional, or expert character, upon satisfactory evidence that competition is impracticable and that the position can best be filled by the selection of some person designated who is of recognized attainment, the board may, by a majority vote, suspend competition in this case. However, the suspension shall not be general in its application, and each case must be handled on its own merits.
Thus, if the position being filled requires peculiar or exceptional qualifications of a scientific, professional, or expert nature, the board of civil service commissioners for the police department might vote to suspend competition for the position.
In conclusion, it is my opinion that if the "lateral transfers" you describe do not fall within one of the two exceptions discussed herein, all applicants for the available positions must undergo competitive examination. Any other procedure would appear to be inconsistent with the civil service laws of Arkansas.
In response to your second question, it appears that an employee hired in violation of the civil service laws may remain so employed, unless and until he or she is successfully challenged by someone who was wronged by the unlawful appointment. Assuming the pursuance of any administrative remedies provided for in A.C.A. §§ 14-51-301 et seq., or in commission rules and regulations promulgated thereunder, proves unsuccessful, an aggrieved individual might file suit seeking a declaratory judgment that the procedure followed was unlawful, the discharge of the person from the position, and the placement of him or herself therein. For examples of various lawsuits that might be brought, see City of Fort Smith v. Driggers, 305 Ark. 409, S.W.2d (May 6, 1991); Worth v. Civil Serv. Comm'n,297 Ark. 251, 761 S.W.2d 169 (1988); Bennett v. Blytheville Civil Serv.Comm'n, 293 Ark. 136, 733 S.W.2d 414 (1987); Connor v. Ricks,213 Ark. 768, 212 S.W.2d 552 (1948); and Civil Serv. Comm'n ofVan Buren v. Matlock, 205 Ark. 286, 168 S.W.2d 424 (1943). The importance of joining as a party anyone who might be affected by the lawsuit is pointed out in Worth v. Civil Serv. Comm'n,supra. Finally, it should be noted that because civil service rights are not clearly established rights under the federal constitution, officers violating those rights are entitled in their individual capacities to qualified immunity from suit under42 U.S.C. § 1983.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely
Winston Bryant Attorney General
CCT/WB:ch
[1] When the Arkansas Supreme Court held in Bradley v. Bruce,288 Ark. 342, 705 S.W.2d 431 (1986), that this certification and selection process did not apply to promotions, the legislature promptly amended § 14-51-303(b)(6) to specify that the procedure applied to both appointment and promotion. See Acts 262 and 657 of 1987.